JEROME MITRENGA, Plaintiff-Appellee, *v.* DANIEL MARTIN *et al.*, Defendants-Appellants.

First District (4th Division)   No. 82—342

Opinion filed December 2, 1982.

Robert E. Grundin, of Ancel, Glink, Diamond, Murphy & Cope, P.C., of Chicago, for appellants.

Robert J. Biswurm, of Biswurm & Myers, Ltd., of Chicago, for appellee.

JUSTICE JIGANTI delivered the opinion of the court:

Jerome Mitrenga, a police officer, was discharged by the Board of Fire and Police Commissioners of the village of Lincolnwood (the Board), after being charged with departmental rule violations. Following a hearing during which findings of fact were adopted by the Board, Mitrenga appealed to the circuit court pursuant to section 3—104 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 3—104). The circuit court sustained the charges against Mitrenga and found that the Board's findings of fact were supported by the manifest weight of the evidence. However, the court remanded the case to the Board solely on the discharge issue, ordering the Board to "consider an alternative sanction to that of discharge." (See Ill. Rev. Stat. 1981, ch. 110, par. 3—111(a)(6).) In addition the circuit court found "no just reason to delay enforcement or appeal" of its order. (See 87 Ill. 2d R. 304(a).) Rather than considering an alternative sanction, the Board appealed the circuit court's determination directly to this court. We believe the order is not a final order and dismiss this appeal.

In order to have a final and appealable order, the judgment must terminate the litigation between the parties on the merits so that if affirmed, the trial court need only execute judgment. (*Coble v. Chicago Health Club, Inc.* (1977), 53 Ill. App. 3d 1019, 369 N.E.2d 188.) A nonfinal order may not be the subject of an interlocutory appeal unless specifically authorized by supreme court rule. (*Felton v. Shead* (1972), 6 Ill. App. 3d 123, 285 N.E.2d 162; see also 87 Ill. 2d Rules 301, 307.) Further, the circuit court in the instant case found "no just reason to delay enforcement or appeal" of its order. It is well settled in Illinois that this language alone cannot make a nonfinal order final and consequently appealable. *Gutenkauf v. Gutenkauf* (1979), 69 Ill. App. 3d 871, 387 N.E.2d 918; *Coble v. Chicago Health Club, Inc.* (1977), 53 Ill. App. 3d 1019, 369 N.E.2d 188.

Were we to affirm the trial court order that the Board formulate a sanction less than discharge, the litigation between the parties would not be terminated. Rather, the Board would need to rule again on the discharge issue. Subsequently, either Mitrenga or the Board would have the option of appealing to the circuit court once more. At that point, the circuit court would have before it both the original record and the additional information that it requested in its previous order. The record would then be complete so that if the judgment were to be affirmed by the trial court or on appeal by this court, all that the trial court would need to do is execute on the judgment.

In addition, we believe that the language of section 3—111(a)(6) of the Code of Civil Procedure contemplates an order such as the one in the instant case to be a nonappealable interlocutory order. This portion of the statute provides:

> "The Circuit Court has power *** where a hearing has been held by the agency, to reverse and remand the decision in whole or in part, and, in such case, to state the questions requiring further hearing or proceedings and to give such other instructions as may be proper ***." (Ill. Rev. Stat. 1981, ch. 110, par. 3—111(a)(6).)

Where the circuit court has the power to remand an agency decision for further hearings or proceedings, we feel that jurisdiction must necessarily remain with the circuit court until after disposition of these further matters. Only after the circuit court has examined the results of these additional proceedings will we recognize its subsequent order as being final and appealable.

A similar situation arose in *Robinson v. Cook County Police & Corrections Merit Board* (1981), 93 Ill. App. 3d 1051, 418 N.E.2d 170. There, as in the present case, the trial court affirmed the Board's misconduct determination but remanded the matter to the Board for reconsideration of the discharge issue. In *Robinson,* the court in fact did reconsider this issue whereas in the instant case the matter was appealed directly to this court. After the Board in the *Robinson* case reconsidered and affirmed its discharge decision, the plaintiff appealed directly to the appellate court rather than going back to the circuit court. The appellate court dismissed the plaintiff's appeal because he had bypassed the crucial procedural step of allowing the circuit court to review the Board's decision once more. Thus, the court found that the order from which the appeal was taken was not final and appealable.

Similarly, in the instant case, the discharge issue that the Board was ordered to reconsider must first be reviewed again by the circuit court before appellate jurisdiction can be conferred upon this court.

For the above reasons, we find that we are not faced with a final and appealable order, and we therefore dismiss this appeal.

Dismissed.

JOHNSON, P.J., and LINN, J., concurring.