THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES REED, Defendant-Appellant.

Second District   No. 2—83—0609

Opinion filed August 21, 1984.

James Wrigley, of Illinois Guardianship & Advocacy Commission, of Chicago, and Roger Derstine and Albert L. Purham, Jr., both of Illinois Guardianship & Advocacy Commission, of Peoria, for appellant.

Robert Morrow, State's Attorney, of Geneva (Phyllis J. Perko and Sally A. Swiss, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE LINDBERG delivered the opinion of the court:

On April 22, 1981, defendant, James Reed, was found not guilty of murder and attempted murder by reason of insanity after a jury trial, and was committed by the Kane County Circuit Court to the custody of the Department of Mental Health and Developmental Disabilities (Department) pursuant to section 5—2—4(b) of the Unified Code of Corrections (Ill. Rev. Stat. 1981, ch. 38, par. 1005—2—4(b)). On April 15, 1983, the facility director of the Elgin Mental Health Center submitted a recommendation to the judge who presided over defendant's trial that defendant be granted nonsecure off-grounds privileges as part of a treatment plan earlier filed by the facility director on March 15, 1983, as provided by section 5—2—4(b) of the Unified Code of Corrections (Ill. Rev. Stat. 1981, ch. 38, par. 1005—2—4(b)). The facility director's letter, with appended reports by Department personnel, proposed a modification in defendant's treatment plan, providing that defendant would be permitted three-day unsupervised home visits.

The trial court found that while the Unified Code of Corrections has not established any standard to determine when off-grounds privileges are appropriate, the Department had not established by any standard of proof, either by clear and convincing evidence or mere preponderance of the evidence, that defendant was sufficiently safe mentally for off-grounds privileges. The petition was denied, and this appeal followed.

Before we can address the merits of defendant's claim, the State raises the issue of appealability of the instant order. The State argues that the order from which defendant appeals is not final and appealable as it did not terminate the rights of the parties with regard to the subject matter of the controversy, that is, whether defendant is still

required to be involuntarily committed so as to receive mental health services. According to the State, if this was a denial of a petition for conditional lease or discharge, rather than a proposed modification of a treatment plan, a final order would result. The State points out that under section 5—2—4(b) of the statute (Ill. Rev. Stat. 1981, ch. 38, par. 1005—2—4(b)), the requirement of submission of a treatment plan to the circuit court by the Department every 60 days is indicative of the trial court's continuing supervisory power over defendant's treatment, which does not end until defendant is discharged. Defendant in response argues that the court's order was final and appealable, because, once the court denied the Department's proposed recommendations to the treatment plan, the only manner in which defendant's rights could be vindicated or protected was by the appeal process. We agree.

■■ While the ultimate issue as to whether defendant should be discharged or conditionally released may potentially arise in the future, this is not the controversy presently before this court. Underlying the State's argument is the question of mootness. The Department is required under the statute to submit a treatment plan every 60 days for judicial review. Under traditional mootness principles, this appeal would be moot. However, an exception has been carved out in mental health cases where it has been found that to apply the mootness doctrine would prevent issues capable of repetition from ever being susceptible to appellate review. (*In re Marquardt* (1981), 100 Ill. App. 3d 741, 743, 427 N.E.2d 411, 413.) If the State's position prevailed, appellate review would never be obtained and there would be no development of a body of case law to provide guidance to the circuit court as an aid in considering the Mental Health and Developmental Disabilities Code (Ill. Rev. Stat. 1981, ch. 91½, par. 3—101 *et seq.*). (*In re Marquardt* (1981), 100 Ill. App. 3d 741, 744, 427 N.E.2d 411, 413.) Thus the instant order is final and appealable, as it terminates the litigation between the parties on the merits. *Mitrenga v. Martin* (1982), 110 Ill. App. 3d 1006, 443 N.E.2d 268.

Turning to the merits, before determining the correctness of the trial court's decision, we should first consider the nature of the proceeding required under section 5—2—4 of the Unified Code of Corrections (Ill. Rev. Stat. 1981, ch. 38, par. 1005—2—4(b)). Since the time of the hearing, section 5—2—4 and portions of the Mental Health and Developmental Disabilities Code (Code) have been amended. Thus, the law as it is currently in effect will be applied. See *Rios v. Jones* (1976), 63 Ill. 2d 488, 494-95, 348 N.E.2d 825, *appeal dismissed* (1976), 429 U.S. 934, 50 L. Ed. 2d 304, 97 S. Ct. 346; *People v. Gann*

(1981), 94 Ill. App. 3d 1100, 1105, 419 N.E.2d 613, 616.

It appears that at the time of the instant hearing the statutes afforded no guidance as to the procedure to be followed, the burden of proof and going forth with evidence and the standard of proof necessary to support the court's findings. Between the time of the hearing and this appeal an amendment was enacted providing necessary guidance to the circuit court for section 5—2—4 hearings.

Under the Code as amended in 1983, since defendant was found not guilty by reason of insanity and is presently committed to the Department of Mental Health and Developmental Disabilities, the amendment to section 5—2—4 of the Unified Code of Corrections effective January 1, 1984, is applicable. (Ill. Rev. Stat. 1983, ch. 38, par. 1005—2—4(1).) Further, a treatment plan and its review are subject to the provisions of section 5—2—4 of the Unified Code of Corrections. (Ill. Rev. Stat. 1983, ch. 91½, par. 3—814.) When a hearing is initiated by the Department facility director (in contrast to one initiated by a defendant or on his behalf) for transfer to a nonsecure setting, discharge or conditional release, the burdens of proof and going forth with the evidence rest with the State. The standard of proof required to support the findings of the trial court is evidence which is both clear and convincing. (Ill. Rev. Stat. 1983, ch. 38, par. 1005—2—4(f).) If requested by the State or defense or if the court feels it is appropriate, an impartial examination of the defendant by a psychiatrist or clinical psychologist as defined in section 1—103 of the Code (Ill. Rev. Stat. 1983, ch. 91½, par. 1—103), who is not in the employ of the Department, shall be ordered, and the report considered at the time of the hearing. Ill. Rev. Stat. 1983, ch. 38, par. 1005—2—4(f).

Lacking statutory guidance the trial court found itself compelled to establish at the outset ground rules it believed necessary to accord the parties a fair hearing. In so doing, the court assigned the burdens of proof and going forth with the evidence to petitioner, the Department. Further, it denied the State the opportunity to produce witnesses, and specifically a psychiatrist. Finally, the court declared, without deciding which standard of proof was required, that the Department had not satisfied the court by any standard of proof that defendant is now in a sufficiently safe condition mentally to be permitted noncustodial off-grounds passes. He denied the petition of the Department.

When contrasted with the later-enacted requirements of the Code, we believe the hearing was sufficiently flawed, specifically as to the assignments of the burden of proof and going forward with the evidence and the denial of psychiatric or psychological testimony on

1024

behalf of the State as to require remandment for a new hearing.

At such hearing the State will have the burdens of proof and going forth instead of the Department. The parties have the authority to produce psychiatric and psychological testimony. The trial court's findings will be required to be supported by clear and convincing evidence.

Therefore, we reverse the judgment of the circuit court of Kane County and remand the cause for a new hearing.

Reversed and remanded.

UNVERZAGT and REINHARD, JJ., concur.