JEANNE KVIDERA, Plaintiff-Appellee and Cross-Appellant, v. THE BOARD OF FIRE AND POLICE COMMISSIONERS OF THE VILLAGE OF SCHILLER PARK *et al.*, Defendants-Appellants and Cross-Appellees.

First District (5th Division)   No. 87—2585

Opinion filed March 25, 1988.

Law Office of Harry J. Smith, Jr., of Chicago (Harry J. Smith, Jr., and Lawrence J. Czepiel, of counsel), for appellant.

Thomas F. McGuire & Associates, Ltd., of Long Grove, for appellee.

JUSTICE SULLIVAN delivered the opinion of the court:

Following an administrative hearing, the Board of Fire and Police Commissioners of the Village of Schiller Park found plaintiff, Jeanne Kvidera, guilty of violating various rules and regulations of the Schiller Park police department. The board ordered plaintiff suspended for 30 days on each of the first two counts and ordered her discharged on the third count.

On administrative review, the circuit court of Cook County confirmed the board's findings but reversed the penalty imposed on each count and remanded the matter to the board for imposition of "an appropriate lesser sanction." On remand, the board reaffirmed its original decision as to each count. The circuit court again reversed the board's penalties. The board, however, determined that its sanctions were appropriate and asked the court to confirm the orders of suspension and discharge. In an order entered on August 10, 1987, the court denied the board's motion to confirm and reversed the board's decision on sanctions as excessive. The board has appealed from that order; plaintiff has cross-appealed from the earlier order confirming the board's findings. For the reasons hereinafter stated, we dismiss both appeals.

■■ A final decision, order or judgment of the circuit court, entered in an action to review a decision of an administrative agency, is reviewable by appeal as in other civil cases. (Ill. Rev. Stat. 1985, ch. 110, par. 3–112.) An order remanding the cause to the agency to impose a sanction other than the one imposed is not final and appealable because it does not terminate the litigation between the parties on the merits. *Mitrenga v. Martin* (1982), 110 Ill. App. 3d 1006, 1007, 443 N.E.2d 168; see also *Department of Transportation v. Grawe* (1983), 113 Ill. App. 3d 336, 341, 447 N.E.2d 467 (and cases cited therein).

Were we to affirm the trial court's order that the board formulate

a sanction less severe than discharge or suspension, the board would need to rule again on the appropriate sanction. Subsequently, either plaintiff or the board would have the option of appealing to the circuit court once more. *Mitrenga v. Martin* (1982), 110 Ill. App. 3d 1006, 1007, 443 N.E.2d 268; see also *Department of Mental Health & Developmental Disabilities v. Civil Service Comm'n* (1981), 85 Ill. 2d 547, 426 N.E.2d 885.

■■ ■ Where the circuit court has the power to remand an agency decision for further hearings or proceedings (Ill. Rev. Stat. 1985, ch. 110, par. 3—111(a)(6)), jurisdiction must necessarily remain with the circuit court until after disposition of these matters before jurisdiction may be conferred upon this court. (*Mitrenga v. Martin* (1982), 110 Ill. App. 3d 1006, 1008, 443 N.E.2d 168. See also *Wilkey v. Illinois Racing Board* (1983), 96 Ill. 2d 245, 248-50, 449 N.E.2d 843.) Here, where the matter has been at hearing and upon review several times in the circuit court, it appears that, in the absence of a contempt citation, to have an appealable order the circuit court should either affirm or direct the board to impose a specific sanction. See *Secretary of State, State of Illinois v. Kunz* (1983), 116 Ill. App. 3d 736, 739-40, 452 N.E.2d 387.

For the foregoing reasons, we dismiss both appeals.

Appeals dismissed.

LORENZ, P.J., and MURRAY, J., concur.