SHARON BROOKS, Plaintiff-Appellee, v. BOARD OF FIRE AND POLICE COMMISSIONERS OF THE CITY OF EAST ST. LOUIS *et al.*, Defendants-Appellants.

Fifth District   No. 5—87—0044

Opinion filed April 20, 1989.

Robert L. Merriwether, Jr., of East St. Louis, for appellants.

No brief filed for appellee.

JUSTICE RARICK delivered the opinion of the court:

On November 13, 1981, Bruce Morrison, then chief of the East St. Louis police department, filed written charges with the city's board of fire and police commissioners (hereinafter the Board) alleging that on two successive days patrol officer Sharon Brooks was guilty of "neglect of duty and being absent without permission from duty." Specifically, the charges alleged that Officer Brooks was scheduled to work on October 24 and 25, 1981, and failed to report for work or inform the police department that she would not be reporting for work.

A hearing was held on December 15, 1981. Officer Brooks was found guilty and subsequently discharged. Brooks thereupon filed a complaint for administrative review in the circuit court of St. Clair

County. The court held that the Board's finding that Officer Brooks failed to inform the police department that she would not be reporting for work on October 24, 1981, was against the manifest weight of the evidence but that such finding with respect to October 25, 1981, was not against the manifest weight of the evidence. The court also found that the Board did not have cause for discharge and remanded the cause to the Board to determine a different sanction: It is from this decision that the Board appeals.

██ █ We cannot address the merits of the Board's appeal, however, because we find that this court does not properly have jurisdiction. To be appealable, an order must be final and must terminate the litigation between the parties. In the present case, were we to affirm the trial court, a new sanction would have to be imposed which could again be appealed to the trial court. In *Kvidera v. Board of Fire & Police Commissioners,* the court held that "[a]n order remanding the cause to the [administrative] agency to impose a sanction other than the one imposed is not final and appealable because it does not terminate the litigation between the parties." (*Kvidera v. Board of Fire & Police Commissioners* (1988), 168 Ill. App. 3d 380, 381, 522 N.E.2d 757, citing *Mitrenga v. Martin* (1982), 110 Ill. App. 3d 1006, 443 N.E.2d 268.) The facts of this case are almost identical. Where the circuit court has the power to remand an agency decision, jurisdiction remains with the circuit court until final disposition of these matters and only then does this court have jurisdiction.

The appeal of the Board of Fire and Police Commissioners of East St. Louis is dismissed.

Appeal dismissed.

CHAPMAN and GOLDENHERSH, JJ., concur.