907 N.E.2d 463 (2009)
Sheila CUNNINGHAM, Lyn Deneen, Marilyn Cronin, Rita Jo Coyne, Nancy Williams, Rose Platt, Dorothy Ormond, Marquerite Walsh, Rosemary Poland, Mary Gomolka and Marilyn Lauer, Plaintiffs-Appellees,
v.
The RETIREMENT BOARD OF the FIREMEN'S ANNUITY AND BENEFIT FUND OF CHICAGO, Defendant-Appellant.
No. 1-07-3561.
Appellate Court of Illinois, First District, Fourth Division.
April 23, 2009.
*466 Burke Burns & Pinelli, Ltd. (Vincent D. Pinelli, Esq., Blanca R. Dominguez, Esq., of counsel), Chicago, IL, for Defendant-Appellant.
Martin O. Holland (Martin O. Holland, of counsel), Chicago, IL, for Plaintiff-Appellee.
Justice NEVILLE delivered the opinion of the court:
In this case, the plaintiffs, Mrs. Sheila Cunningham, Mrs. Lyn Deneen, Mrs. Marilyn Cronin, Mrs. Rita Jo Coyne, Mrs. Nancy Williams, Mrs. Rose Platt, Mrs. Dorothy Ormond, Mrs. Marquerite Walsh, Mrs. Rosemary Poland, Mrs. Mary Gomolka, and Mrs. Marilyn Lauer (widows, collectively), are the widows of several deceased firemen, and they filed claims with the Retirement Board of the Firemen's Annuity and Benefit Fund of Chicago (Board), the defendant in this case. The Board granted the widows' claims and awarded each widow a widow's minimum annuity pursuant to section 6-141.1 of the Pension Code. 40 ILCS 5/6-141.1 (West 2000). The widows filed a complaint for administrative review in the circuit court and requested that a widow's duty death annuity be paid pursuant to section 6-140 of the Pension Code. 40 ILCS 5/6-140 (West 2000). The circuit court remanded Mrs. Cunningham's, Mrs. Deneen's, and Mrs. Cronin's cases to the Board and stayed the cases of the remaining widows. On remand, the Board awarded the widows a widow's duty death annuity pursuant *467 to section 6-140 of the Pension Code retroactive from the date of this court's opinion in Bertucci v. Retirement Board of the Firemen's Annuity & Benefit Fund of Chicago, 351 Ill.App.3d 368, 286 Ill.Dec. 328, 813 N.E.2d 1021 (2004). The widows filed a motion in the circuit court to recalculate the Board's award and requested prejudgment interest. On December 20, 2007, the circuit court vacated the Board's decision after remand and directed the Board to pay plaintiffs Cunningham, Deneen and Cronin a widow's duty death benefit pursuant to section 6-140 of the Pension Code retroactive from the date of the death of each woman's husband. 40 ILCS 5/6-140 (West 2000). The circuit court also ordered the Board to pay the plaintiffs prejudgment and postjudgment interest on the amounts due to each of them.
The Board appeals from the circuit court's order and presents the following issue for this court to review: (1) whether the circuit court lacked jurisdiction to vacate the Board's decision following remand of the cases because the circuit court's June 2, 2005, order was a final disposition in which the circuit court did not specifically retain jurisdiction; (2) whether the circuit court erred when it awarded a widow's duty death annuity pursuant to section 6-140 of the Pension Code; (3) whether the circuit court erred when it awarded prejudgment interest; and (4) whether the circuit court erred when it awarded postjudgment interest at an interest rate of 9% instead of an interest rate of 6% applicable to governmental entities. For the following reasons, we find (1) that the circuit court retained jurisdiction over the plaintiffs' administrative review action because the circuit court's remand order was not a final order, (2) that the Bertucci decision was intended to be applied both prospectively and retroactively, (3) that the plaintiffs were entitled to prejudgment interest, and (4) that the plaintiffs were entitled to postjudgment interest at the rate of 9%, therefore, we affirm.

BACKGROUND
On July 17, 2003, the widows filed a complaint seeking administrative review of the Board's decisions that granted each widow a minimum annuity pursuant to section 6-141.1 of the Pension Code. 40 ILCS 5/6-141.1 (West 2000).[1] Each widow sought a duty death annuity from the date of their respective husbands' deaths pursuant to section 6-140 of the Pension Code. 40 ILCS 5/6-140 (West 2000).[2] The complaint *468 alleged that the widows were denied the opportunity to present evidence at a hearing to show that the were entitled to a duty death annuity. By agreement of the parties, the widows' cases were continued to give this court the opportunity to issue rulings in two cases that involved issues similar to those presented here. See Barry v. Retirement Board of the Firemen's Annuity & Benefit Fund of Chicago, 357 Ill.App.3d 749, 293 Ill.Dec. 740, 828 N.E.2d 1238 (2005); Bertucci v. Retirement Board of the Firemen's Annuity & Benefit Fund, 351 Ill.App.3d 368, 286 Ill.Dec. 328, 813 N.E.2d 1021 (2004). The two cases, Barry and Bertucci, have since been decided by this court.
On June 2, 2005, the circuit court entered an order and remanded the plaintiffs' cases (Mrs. Cunningham, Mrs. Deneen and Mrs. Cronin) to the Board for a hearing consistent with the Barry opinion. The June 2, 2005, order stayed the cases of the remaining widows. The June 2, 2005, order also set a status date before the circuit court on October 27, 2005.
On October 25, 2005, after an evidentiary hearing, the Board issued its written decision in Mrs. Deneen's case and awarded the widow a duty death annuity pursuant to section 6-140 of the Pension Code. The Board also made the widow's duty death annuity payments retroactive to the date of the Bertucci opinion. On January 26, 2006, the Board issued a written decision in Mrs. Cunningham's case pursuant to section 6-140 of the Pension Code and made the widow's duty death annuity payments retroactive to the date of the Bertucci opinion. On March 30, 2006, the Board issued a written decision on Mrs. Cronin's case pursuant to section 6-140 of the Pension Code and made the widow's duty death annuity payments retroactive to the date of the Bertucci opinion.
On August 28, 2006, Mrs. Cunningham, Mrs. Deneen, and Mrs. Cronin filed a motion to recalculate the Board's award and to award prejudgment interest. The Board moved to strike Mrs. Cunningham, Mrs. Deneen, and Mrs. Cronin's motion and argued (1) that the circuit court lacked jurisdiction to act on the motion to recalculate; and (2) that the motion to recalculate was an impermissible collateral attack on the Board's decision. On January 26, 2007, the circuit court denied the Board's motion to strike and continued the case for further proceedings.
On August 7, 2007, the circuit court denied the Board's oral motion to stay further proceedings and ordered it to answer the plaintiffs' claims. On December 20, 2007, the circuit court vacated the Board's decision after remand and directed the Board to pay Mrs. Cunningham, Mrs. Deneen, and Mrs. Cronin a widow's duty death annuity pursuant to section 6-140 of the Pension Code. The Board also made the widow's duty death annuity benefits retroactive to the date of death of each woman's husband, with prejudgment and postjudgment interest. Finally, on December 28, 2007, the Board filed its notice of appeal.

ANALYSIS

Jurisdiction
The Board argues that the circuit court lacked jurisdiction to vacate its order *469 because the circuit court's June 2, 2005, remand order constituted a final disposition and the circuit court did not retain jurisdiction to review the Board's decisions after the remand hearings. Mrs. Cunningham, Mrs. Deneen, and Mrs. Cronin argue that the circuit court's June 2, 2005, remand order was not a final decision because, in addition to ordering a remand to the Board for a hearing, the case was set for further status before the circuit court.
Section 3-104 of the Administrative Review Law, formerly known as the Administrative Review Act,[3] provides that the circuit court is vested with jurisdiction to review final administrative decisions. 735 ILCS 5/3-104 (West 2006). Section 3-104 of the Administrative Review Law also provides that "[t]he court first acquiring jurisdiction of any action to review a final administrative decision shall have and retain jurisdiction of the action until final disposition of the action." 735 ILCS 5/3-104 (West 2006). Decisions of the Board regarding a widow's entitlement to the payment of such a compensation annuity are appealable provided the order is both final and terminates the litigation between the parties. Daley v. License Appeal Comm'n, 311 Ill.App.3d 194, 200, 243 Ill. Dec. 905, 724 N.E.2d 214 (1999), citing Brooks v. Board of Fire & Police Commissioners, 181 Ill.App.3d 714, 715, 130 Ill. Dec. 377, 537 N.E.2d 444 (1989).
Section 3-111 empowers the circuit court, "where a hearing has been held by the agency, to reverse and remand the decision in whole or in part, and, in that case, to state the questions requiring further hearing or proceedings and to give such other instructions as may be proper." (Emphasis added.) 735 ILCS 5/3-111(a)(6) (West 2006). Section 3-111 also empowers the circuit court, "where a hearing has been held by the agency, to remand for the purpose of taking additional evidence when from the state of the record of the administrative agency or otherwise it shall appear that such action is just." (Emphasis added.) 735 ILCS 5/3-111(a)(7) (West 2006).
In Wilkey v. Illinois Racing Board, the supreme court held (1) where a cause is remanded for a new trial or other further proceedings involving disputed questions of law or fact, the judgment of the Appellate Court is not of a final character, and (2) the ultimate question to be decided in each case is whether the judgment fully and finally disposes of the rights of the parties to the cause so that no material controverted issue remains to be determined. Wilkey v. Illinois Racing Board, 96 Ill.2d 245, 249, 70 Ill.Dec. 496, 449 N.E.2d 843 (1983), quoting Cory Corp. v. Fitzgerald, 403 Ill. 409, 414-15, 86 N.E.2d 363 (1949). Daley v. License Appeal Comm'n, 311 Ill.App.3d 194, 200, 243 Ill.Dec. 905, 724 N.E.2d 214 (1999), holds that "[w]here the circuit court has the power to remand an agency decision, jurisdiction remains with the circuit court until final disposition of the matter and only then does this court have jurisdiction." Daley, 311 Ill.App.3d at 200, 243 Ill.Dec. 905, 724 N.E.2d 214, citing Brooks v. Board of Fire & Police Commissioners, 181 Ill.App.3d 714, 715, 130 Ill.Dec. 377, 537 N.E.2d 444 (1989). "More specifically, an order remanding a cause to an agency to impose a sanction * * * is not final and appealable because it does not terminate the litigation between the parties on the merits." Daley, 311 Ill.App.3d at 200, 243 *470 Ill.Dec. 905, 724 N.E.2d 214, citing Johnson v. Department of Corrections, 187 Ill. App.3d 804, 809, 135 Ill.Dec. 279, 543 N.E.2d 847 (1989). "`Only after the circuit court reviews the results of the agency's additional proceedings upon remand, and enters a subsequent order thereon, is the litigation between the parties terminated.' " Daley, 311 Ill.App.3d at 200, 243 Ill.Dec. 905, 724 N.E.2d 214, quoting Johnson, 187 Ill.App.3d at 809, 135 Ill.Dec. 279, 543 N.E.2d 847.
Similarly, "[a] circuit court's remand to an administrative agency is a nonfinal order if the agency must do more than enter a judgment or decree in accordance with the court's directions." Lippert v. Property Tax Appeal Board, 273 Ill.App.3d 150, 153, 209 Ill.Dec. 921, 652 N.E.2d 461 (1995). Therefore, "[i]f the court remands the cause for a new hearing, the rights of the parties have not yet been fully and finally adjudicated." Lippert, 273 Ill.App.3d at 153, 209 Ill.Dec. 921, 652 N.E.2d 461, citing Wilkey, 96 Ill.2d at 249-50, 70 Ill.Dec. 496, 449 N.E.2d 843. Accordingly, where the circuit court, as in this case, remands a case for further proceedings and findings, because it retains jurisdiction of the case after the remand, a new administrative review complaint need not be filed in order to revest the circuit court with jurisdiction of the matter. Wilkey, 96 Ill.2d at 249, 70 Ill.Dec. 496, 449 N.E.2d 843; see also Lippert, 273 Ill. App.3d at 153, 209 Ill.Dec. 921, 652 N.E.2d 461, citing Kelly v. Board of Trustees, 201 Ill.App.3d 692, 698, 147 Ill.Dec. 196, 559 N.E.2d 196 (1990), and Saal v. County of Carroll, 181 Ill.App.3d 327, 334-35, 130 Ill.Dec. 88, 536 N.E.2d 1299 (1989).
The Board cites Creamer v. Police Pension Fund Board and argues that the remand divested the circuit court of jurisdiction because the circuit court did not expressly reserve jurisdiction. Creamer v. Police Pension Fund Board, 69 Ill. App.3d 792, 794, 25 Ill.Dec. 835, 387 N.E.2d 711 (1978). Creamer holds that a remand for a de novo hearing without further instruction starts the process over, as if no decision had previously been rendered. Creamer, 69 Ill.App.3d at 794, 25 Ill.Dec. 835, 387 N.E.2d 711. The Board also argues that "[w]henever the intention of Illinois courts has been to retain jurisdiction upon remand, they have included an explicit statement indicating that intention." Creamer, 69 Ill. App.3d at 795, 25 Ill.Dec. 835, 387 N.E.2d 711, citing People ex rel. Engle v. Kerner, 32 Ill.2d 212, 205 N.E.2d 33 (1965), opinion supplemented, 33 Ill.2d 11, 210 N.E.2d 165 (1965), and National Bank & Trust Co. of South Bend v. Becker, 50 Ill.App.2d 151, 200 N.E.2d 40 (1964).
Although Creamer and its predecessors stand for the proposition that an explicit statement was required for a circuit court to retain jurisdiction when it remanded a case to the Board, our research has revealed that Creamer is no longer followed by reviewing courts. See Department of Transportation v. Grawe, 113 Ill.App.3d 336, 341, 69 Ill.Dec. 250, 447 N.E.2d 467 (1983), citing Mitrenga v. Martin, 110 Ill.App.3d 1006, 66 Ill.Dec. 585, 443 N.E.2d 268 (1982) (Creamer is no longer followed). In our opinion, when a circuit court remands a case to an administrative agency for further proceedings, the circuit court retains jurisdiction until the circuit court examines the results of the Board's proceedings. Wilkey, 96 Ill.2d at 249, 70 Ill.Dec. 496, 449 N.E.2d 843; see also Lippert, 273 Ill.App.3d at 153, 209 Ill.Dec. 921, 652 N.E.2d 461, citing Kelly, 201 Ill.App.3d at 698, 147 Ill.Dec. 196, 559 N.E.2d 196, and Saal, 181 Ill.App.3d at 334-35, 130 Ill.Dec. 88, 536 N.E.2d 1299. We note the evolution of the law from Creamer, where an explicit statement was *471 required, to Daley and Lippert and their progeny where an explicit statement is not required for the circuit court to retain jurisdiction following a remand from the circuit court to the Board. Daley, 311 Ill.App.3d at 200, 243 Ill.Dec. 905, 724 N.E.2d 214; Lippert, 273 Ill.App.3d at 153, 209 Ill.Dec. 921, 652 N.E.2d 461. Finally, we hold that Daley, Lippert, Grawe and Mitrenga represent the current state of the law on this issue.
The record reveals that the circuit court's June 2, 2005, order remanded the case to the Board for a hearing consistent with Barry v. Retirement Board of the Firemen's Annuity & Benefit Fund of Chicago, 357 Ill.App.3d 749, 293 Ill.Dec. 740, 828 N.E.2d 1238 (2005). The June 2, 2005, order also set the cases for a status hearing before the circuit court, subsequent to the remand hearing before the Board, and stayed the remaining widows' cases. Based upon Wilkey, Daley and Lippert, we find that, although there was no explicit statement in the June 5, 2005, order reserving jurisdiction, the circuit court retained jurisdiction because the June 2, 2005, order did not fully and finally decide the issues in the widows' cases. Wilkey, 96 Ill.2d at 249, 70 Ill.Dec. 496, 449 N.E.2d 843; Daley, 311 Ill.App.3d at 200, 243 Ill.Dec. 905, 724 N.E.2d 214; Lippert, 273 Ill.App.3d at 153, 209 Ill.Dec. 921, 652 N.E.2d 461. Accordingly, we find that section 3-104 of the Administrative Review Law conferred jurisdiction on the circuit court and the power to retain jurisdiction until there was a final disposition (735 ILCS 5/3-104 (West 2006)), and that section 3-111 of the Administrative Review Law conferred the circuit court with the power to remand the Board's decision (735 ILCS 5/3-111 (West 2006)); therefore, it was not necessary for Mrs. Cunningham, Mrs. Deneen, and Mrs. Cronin to file a new complaint for administrative review because the circuit court retained jurisdiction over the widows' administrative review cases because the issues in their cases had not been fully and finally determined. Wilkey, 96 Ill.2d at 249, 70 Ill.Dec. 496, 449 N.E.2d 843; Lippert, 273 Ill. App.3d at 153, 209 Ill.Dec. 921, 652 N.E.2d 461, citing Kelly, 201 Ill.App.3d at 698, 147 Ill.Dec. 196, 559 N.E.2d 196, and Saal, 181 Ill.App.3d at 334-35, 130 Ill.Dec. 88, 536 N.E.2d 1299 ("a new complaint for administrative review need not be filed in order to revest the circuit court with jurisdiction of the matter").

The Computation of the Widows' Annuity
Next, the Board argues that its decision to pay Mrs. Cunningham, Mrs. Deneen, and Mrs. Cronin the widow's duty death annuity from the date of the Bertucci decision was proper. The Board argues that, prior to Bertucci, in order to justify an award of a widow's duty death annuity to a widow whose fireman husband died in the line of duty, the widow was required to establish a causal connection between the fireman's duty injury that resulted in disability and the fireman's death. The Board also argues that Bertucci established a new principle of law and it must only apply prospectively. Finally, the Board argues that a retroactive application of Bertucci would result in an unconscionable burden being imposed upon the Board.
Mrs. Cunningham, Mrs. Deneen, and Mrs. Cronin argue that the Bertucci decision should apply retroactively as well as prospectively (1) because the Bertucci court did not expressly state that prospective application was intended, and (2) because the Bertucci court did not establish a new principle of law either (a) by overruling past precedent or (b) by deciding an issue of first impression the resolution of which was not clearly foreshadowed.

The Widows' Duty Death Annuity is Computed from the Date of the Fireman's Death
In order to receive a minimum annuity pursuant to section 6-141.1 or a *472 duty death annuity pursuant to section 6-140, a widow must file a claim with the Board. Terrano v. Retirement Board of the Policemen's Annuity and Benefit Fund, 315 Ill.App.3d 270, 274, 248 Ill.Dec. 230, 733 N.E.2d 905 (2000), citing Iwanski v. Streamwood Police Pension Board, 232 Ill.App.3d 180, 184, 173 Ill.Dec. 67, 596 N.E.2d 691 (1992) (entitlement to benefits must be established by the person seeking them). In order to determine the date from which the Board is to compute a widow's duty death annuity, this court must engage in statutory construction, by examining the Pension Code, which involves de novo review. Fleming v. Retirement Board of the Firemen's Annuity & Benefit Fund, 373 Ill.App.3d 432, 435, 311 Ill.Dec. 685, 869 N.E.2d 359 (2007), citing Lucas v. Lakin, 175 Ill.2d 166, 171, 221 Ill.Dec. 834, 676 N.E.2d 637 (1997).
Section 6-116 of the Pension Code defines the term annuity and provides that an annuity is set up as a series of annual payments for life. 40 ILCS 5/6-116 (West 2000).[4] Section 6-116 of the Pension Code also provides that the annuity begins on "the date of the event upon which payment of annuity shall depend" which, in the context of a widow's annuity, is the date of the fireman's death. 40 ILCS 5/6-116 (West 2000). Section 6-140 of the Pension Code provides that a widow's duty death annuity is computed at the time of the fireman's death. 40 ILCS 5/6-140 (West 2000). We note that the "date of the event" language, which triggers the payment of an annuity, ties the date of the event to the date of the fireman's death. The aforementioned language has been codified in the Pension Code since as early as 1959,[5] and the statute was renumbered as section 6-116 of the Pension Code in 1963.[6] Currently, the "date of the event" language is codified in the Pension Code as section 6-116.[7] Therefore, the Pension Code directs the Retirement Board to compute the widows' duty death annuity from date of the fireman's death. 40 ILCS 5/6-116, 6-140 (West 2000).

Retroactive Application of Bertucci

Nevertheless, in spite of the language in the Pension Code indicating that the widows' duty death annuity is paid *473 from the date of the fireman's death, the Board maintains that Bertucci establishes a new principle of law that cannot be applied retroactively; therefore, the widows' duty death annuity should be paid from the date of the Bertucci decision. It is well established that, generally, Illinois courts retroactively and prospectively apply their decisions to cases that are pending at the time they are announced, including cases on direct review in the appellate court. Heastie v. Roberts, 226 Ill.2d 515, 535, 315 Ill.Dec. 735, 877 N.E.2d 1064 (2007), citing Miller v. Gupta, 174 Ill.2d 120, 128, 220 Ill.Dec. 217, 672 N.E.2d 1229 (1996). This presumption, that court decisions are to be applied retroactively and prospectively, can be overcome (1) where the issuing court expressly states that the decision is only to be applied prospectively (Aleckson v. Village of Round Lake Park, 176 Ill.2d 82, 86, 223 Ill.Dec. 451, 679 N.E.2d 1224 (1997)), or (2) where the decision of the issuing court establishes a new principle of law, either by overruling clear past precedent on which litigants may have relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed. Heastie, 226 Ill.2d at 536, 315 Ill.Dec. 735, 877 N.E.2d 1064, quoting Bogseth v. Emanuel, 166 Ill.2d 507, 515, 211 Ill.Dec. 505, 655 N.E.2d 888 (1995). According to Heastie, "`[i]f either of these criteria is met, the question of prospective or retroactive application will be answered by considering whether, given the purpose and prior history of the rule, its operation will be retarded or promoted by prospective or retroactive application and whether prospective application is mandated by a balance of equities.'" Heastie, 226 Ill.2d at 536, 315 Ill.Dec. 735, 877 N.E.2d 1064, quoting Bogseth v. Emanuel, 166 Ill.2d 507, 515, 211 Ill.Dec. 505, 655 N.E.2d 888 (1995).
First, we find that the Bertucci court did not state that the decision was only to be applied prospectively. Second, we must decide if the decision establishes a new principle either by overruling clear past precedent upon which litigants may have relied or decides an issue of first impression. Heastie, 226 Ill.2d at 536, 315 Ill. Dec. 735, 877 N.E.2d 1064, quoting Bogseth, 166 Ill.2d at 515, 211 Ill.Dec. 505, 655 N.E.2d 888. As previously indicated, Bertucci was decided in 2004 and Barry was decided in 2005. We note that the deceased firemen (Cunningham, Deneen, Cronin, Coyne, Williams, Platt, Ormond, Walsh, Poland, Gomolka, and Lauer) died after 1996 and their widows filed their complaints for administrative review after 1996. The Board maintains that these cases represent a new principle of law. We disagree because Bertucci and Barry were not the first cases to hold that a widow's duty death annuity should be paid if an act or acts of duty prevented the fireman from resuming active service in the fire department. See Tonkovic v. Retirement Board of the Firemen's Annuity & Benefit Fund, 282 Ill.App.3d 876, 218 Ill.Dec. 294, 668 N.E.2d 1126 (1996).
In Tonkovic, a firefighter suffered a heart attack and died fourteen years later, without ever having returned to active service. The Tonkovic court construed section 6-140 of the Pension Code and found:
"[A] surviving spouse is eligible for duty death benefits if the decedent firefighter's performance of an act or acts of duty prevented him from resuming active service until his or her death. Under this clause it is irrelevant to the question of eligibility for widow's duty death benefits whether decedent's 1980 heart attack resulted directly in his death 14 years later. Rather, the focus is whether the fire fighter is injured due to an act or acts of duty and then dies without having returned to active service." *474 Tonkovic, 282 Ill.App.3d at 880, 218 Ill.Dec. 294, 668 N.E.2d 1126.
We note that Tonkovic was decided in 1996, prior to the deaths of the widows' husbands (Cunningham, Deneen, Cronin, Coyne, Williams, Platt, Ormond, Walsh, Poland, Gomolka, and Lauer), and prior to the time the widows filed their claims and requested a widows' duty death annuity pursuant to section 6-140 of the Pension Code. Therefore, because Tonkovic first construed the provision in the Pension Code (that act or acts of duty resulting in permanent injury that prevents the fireman from subsequently resuming active service in the fire department) that was later construed by Bertucci and Barry, we find that Bertucci and Barry neither established a new principle of law nor decided an issue of first impression. Heastie, 226 Ill.2d at 536, 315 Ill.Dec. 735, 877 N.E.2d 1064, quoting Bogseth v. Emanuel, 166 Ill.2d 507, 515, 211 Ill.Dec. 505, 655 N.E.2d 888 (1995).
The Board maintains that balancing the rights of the present and future beneficiaries of the pension fund can only be served by the prospective application of Bertucci. The Board's argument ignores sections 6-116 and 6-140 of the Pension Code which direct the Board to compute the duty death annuity from the date of the fireman's death. 40 ILCS 5/6-116, 6-140 (West 2000). Where the language of the statute is clear and unambiguous, the only legitimate function of the courts is to enforce the law as enacted by the legislature. Midstate Siding & Window Co. v. Rogers, 204 Ill.2d 314, 320, 273 Ill.Dec. 816, 789 N.E.2d 1248 (2003), citing Henrich v. Libertyville High School, 186 Ill.2d 381, 391, 238 Ill.Dec. 576, 712 N.E.2d 298 (1998). Moreover, given sections 6-111 and 6-140 in the Pension Code and given our finding that Bertucci and Barry were preceded by Tonkovic, did not overrule clear past precedent on which the Board may have relied, and did not decide an issue of first impression, this argument lacks merit. Heastie, 226 Ill.2d at 536, 315 Ill.Dec. 735, 877 N.E.2d 1064, quoting Bogseth, 166 Ill.2d at 515, 211 Ill.Dec. 505, 655 N.E.2d 888. Accordingly, given the Tonkovic court's construction of section 6-140 of the Pension Code, we reject the Board's argument that Bertucci and Barry decided a new principle of law, decided an issue of first impression or were only intended to be applied prospectively.

Prejudgment Interest
As previously indicated, Mrs. Cunningham, Mrs. Deneen, and Mrs. Cronin sought prejudgment and postjudgment interest in their complaint. The circuit court granted prejudgment and postjudgment interest as part of the December 20, 2007, order. The Board argues that the trial court erred when it granted prejudgment interest to Mrs. Cunningham, Mrs. Deneen, and Mrs. Cronin because the Board did not wrongfully or illegally withhold any funds. The Board also argues that the Illinois Interest Act is not applicable to benefits payable under the Pension Code. Mrs. Cunningham, Mrs. Deneen, and Mrs. Cronin argue that the circuit court correctly awarded them prejudgment interest.
Section 2 of the Interest Act provides, in pertinent part:
"Creditors shall be allowed to receive at the rate of five (5) per centum per annum for all moneys after they become due on any bond, bill, promissory note, or other instrument of writing * * *." (Emphasis added.) 815 ILCS 205/2 (West 2000).
A circuit court's decision to award prejudgment interest is within its sound discretion and is subject to reversal only where there has been an abuse of discretion. *475 Barry, 357 Ill.App.3d at 771, 293 Ill.Dec. 740, 828 N.E.2d 1238, quoting United States Fidelity & Guaranty Co. v. Alliance Syndicate, Inc., 286 Ill.App.3d 417, 420, 221 Ill.Dec. 757, 676 N.E.2d 278 (1997). According to Barry, interest may generally be recovered from unsuccessful defendant debtors when permitted by a statute. Barry, 357 Ill.App.3d at 771, 293 Ill.Dec. 740, 828 N.E.2d 1238, citing City of Springfield v. Allphin, 82 Ill.2d 571, 577, 45 Ill.Dec. 916, 413 N.E.2d 394 (1980). Courts may also award prejudgment interest when warranted by equitable considerations and may disallow it where it would not comport with justice and equity. In re Marriage of Schurtz, 382 Ill.App.3d 1123, 1127, 322 Ill.Dec. 400, 891 N.E.2d 415 (2008), citing Regnery v. Meyers, 287 Ill. App.3d 354, 366, 223 Ill.Dec. 130, 679 N.E.2d 74 (1997).
We recognize that there is a split in the districts of this court on the question of whether section 2 of the Illinois Interest Act (Interest Act) (815 ILCS 205/2 (West 2000)) applies to pension funds and permits awards of prejudgment interest. This court, in a line of cases dating back to 1990, has previously applied section 2 of the Interest Act in cases brought against boards responsible for administering pension funds. See Kouzoukas v. Retirement Board of the Policemen's Annuity & Benefit Fund, 383 Ill.App.3d 942, 322 Ill.Dec. 216, 890 N.E.2d 1135 (1st Dist.2008) (Boards are subject to the Interest Act)[8]; Barry v. Retirement Board of the Firemen's Annuity & Benefit Fund, 357 Ill. App.3d at 749, 772, 293 Ill.Dec. 740, 828 N.E.2d 1238 (1st Dist.2005), citing Martino v. Police Pension Board, 331 Ill.App.3d 975, 983, 265 Ill.Dec. 251, 772 N.E.2d 289 (1st Dist.2002), Barber v. Board of Trustees, 256 Ill.App.3d 814, 819, 196 Ill.Dec. 511, 630 N.E.2d 446 (1st Dist.1993), and Fenton v. Board of Trustees, 203 Ill. App.3d 714, 721, 723-24, 148 Ill.Dec. 799, 561 N.E.2d 105 (5th Dist.1990). In awarding prejudgment interest pursuant to section 2 of the Interest Act, Barry, Martino, Barber, and Fenton held that the Pension Code qualified as an "other instrument of writing" under section 2 of the Interest Act (1) because it prescribed the terms and conditions of the fund, and (2) because it created an indebtedness similar to bonds, bills, or promissory notes. Barry, 357 Ill.App.3d at 772, 293 Ill.Dec. 740, 828 N.E.2d 1238, citing Fenton, 203 Ill.App.3d at 723, 148 Ill.Dec. 799, 561 N.E.2d 105. Martino and Barber also addressed a similar question of whether prejudgment interest should be assessed against police boards governed by the Pension Code and found that their respective plaintiffs were entitled to prejudgment interest under the Interest Act. Martino, 331 Ill.App.3d at 983, 265 Ill.Dec. 251, 772 N.E.2d 289; Barber, 256 Ill.App.3d at 819, 196 Ill.Dec. 511, 630 N.E.2d 446.
Despite this court's decisions in Kouzoukas, Barry, Martino, Barber, and Fenton, which date back to 1990, the Third District of this court has held that the Interest Act is not applicable to benefits payable under the Pension Code. See Bassett v. Pekin Police Pension Board, 362 Ill.App.3d 235, 242, 298 Ill.Dec. 143, 839 N.E.2d 130 (3rd Dist.2005) (Fenton's analysis is contrary to the rule that interest statutes are to be strictly construed; nothing will be read *476 into them by intendment or implication)(citing In re Walker, 131 Ill.2d 300, 304, 137 Ill.Dec. 575, 546 N.E.2d 520 (1989) ("interest statutes, like statutes authorizing costs, are in derogation of the common law and are to be strictly construed. Nothing will be read into such statutes by intendment or implication") and Spina v. Toyota Motor Credit Corp., 301 Ill.App.3d 364, 234 Ill.Dec. 623, 703 N.E.2d 484 (1998) (an automobile lease case where the lessor, Toyota, refused to pay interest on the lessees' security deposits)). In Bassett, a police officer was convicted of a felony that was related to his service as a police officer. Officer Bassett was found ineligible to receive pension benefits but was found to be entitled to a refund of his contributions to the pension fund. The police pension board authorized a refund after subtracting more than $40,000 that Bassett had received in benefits. However, the police pension board found that Bassett was not entitled to be paid interest on his refunded contributions to the pension fund. Bassett filed a complaint for administrative review of the police pension board's decision and argued that he was entitled to a refund of his contributions to the pension fund without any offsets. Bassett also argued that he was entitled to interest on the refunded contributions to the pension fund. The circuit court held that Bassett was entitled to a full refund of his pension fund contributions but denied his request for interest. The appellate court affirmed the circuit court's judgement but held that the Pension Code does not provide for a refund with interest in the absence of an agreement of the parties or a statute. Bassett, 362 Ill.App.3d at 240, 298 Ill.Dec. 143, 839 N.E.2d 130. The Bassett court also held that section 2 of the Interest Act is not the applicable statutory provision in Bassett's case because that section provides that interest becomes due on any bond, bill, promissory note, or other instrument of writing and the Pension Code does not qualify as a bond, bill, promissory note or other instrument of writing. Bassett, 362 Ill.App.3d at 241-42, 298 Ill.Dec. 143, 839 N.E.2d 130. The Bassett court reasoned, under the principle of ejusdem generis[9], that the phrase "other instrument of writing" in section 2 of the Interest Act should be considered to refer only to a writing that is similar to a bond, bill or promissory note. Bassett, 362 Ill.App.3d at 242, 298 Ill.Dec. 143, 839 N.E.2d 130. The Bassett court also held that, because statutes are to be strictly construed, it would be wrong to treat the Pension Code as an "other instrument of writing." Bassett, 362 Ill.App.3d at 242, 298 Ill.Dec. 143, 839 N.E.2d 130, citing In re Walker, 131 Ill.2d at 304, 137 Ill.Dec. 575, 546 N.E.2d 520, and Spina v. Toyota Motor Credit Corp., 301 Ill.App.3d 364, 234 Ill.Dec. 623, 703 N.E.2d 484 (1998).
Notwithstanding the existence of a split in the districts of this court on the question of whether prejudgment interest may be paid on a pension award, we elect to follow Kouzoukas, Barry, Martino, Barber, and Fenton, and reject the holding in Bassett. Bassett is inapposite because that case involved a police officer who committed a felony during his service that rendered him ineligible to receive pension benefits and the court refused to pay interest on the refunded pension benefits. Here, the Board failed to pay several widows' their duty death annuities from the dates of their husbands' deaths as required by the Pension Code, and the court authorized *477 interest to be paid on the pension benefits that the widows should have received from the Board. 40 ILCS 5/6-116, 6-140 (West 2000). We also find that the entire discussion in Bassett about the applicability of the Interest Act is dicta that "needlessly challenges an entire line of Illinois cases." Bassett, 362 Ill.App.3d at 242, 298 Ill.Dec. 143, 839 N.E.2d 130, (Lytton, J., specially concurring). Accordingly, we find that the circuit court correctly awarded the plaintiffs prejudgment interest. Kouzoukas, 383 Ill.App.3d at 953-54, 322 Ill.Dec. 216, 890 N.E.2d 1135; Barry, 357 Ill.App.3d at 772, 293 Ill.Dec. 740, 828 N.E.2d 1238, citing Martino, 331 Ill. App.3d at 983, 265 Ill.Dec. 251, 772 N.E.2d 289, Barber, 256 Ill.App.3d at 819, 196 Ill.Dec. 511, 630 N.E.2d 446 and Fenton, 203 Ill.App.3d at 723-24, 148 Ill.Dec. 799, 561 N.E.2d 105.

Postjudgment Interest
Finally, the Board argues that in the event this court affirms the circuit court's award of postjudgment interest to Mrs. Cunningham, Mrs. Deneen, and Mrs. Cronin, the applicable rate of interest is 6% and not 9%. According to the Board, the lower rate of interest is justified because the pension fund from which the interest would come qualifies as a governmental entity.
Mrs. Cunningham, Mrs. Deneen, and Mrs. Cronin argue that they are entitled to be paid interest at a rate of 9% because the Pension Board and the pension fund itself are neither public bodies nor governmental entities. According to Mrs. Cunningham, Mrs. Deneen, and Mrs. Cronin, the pension fund was created for the benefit of firefighters who contribute to it and the fund does not benefit the public.
The Board's argument in favor of the lower, governmental interest rate was presented to this court in Barry and rejected. Barry, 357 Ill.App.3d at 778-780, 293 Ill. Dec. 740, 828 N.E.2d 1238. Section 2-1303 of the Code of Civil Procedure, which governs awards of postjudgment interest, provides, in pertinent part, as follows:
"Judgments recovered in any court shall draw interest at the rate of 9% per annum from the date of the judgment until satisfied or 6% per annum when the judgment debtor is a unit of local government, as defined in Section 1 of Article VII of the Constitution, a school district, a community college district, or any other governmental entity. When judgment is entered upon any award, report or verdict, interest shall be computed at the above rate, from the time when made or rendered to the time of entering judgment upon the same, and included in the judgment. Interest shall be computed and charged only on the unsatisfied portion of the judgment as it exists from time to time. The judgment debtor may by tender of payment of judgment, costs and interest accrued to the date of tender, stop the further accrual of interest on such judgment notwithstanding the prosecution of an appeal, or other steps to reverse, vacate or modify the judgment." 735 ILCS 5/2-1303 (West 2000).
In the absence of a definition of a governmental entity, the Barry court found that "in order to qualify as a governmental entity, an entity must perform a governmental function." Barry, 357 Ill.App.3d at 779, 293 Ill.Dec. 740, 828 N.E.2d 1238, quoting Black's Law Dictionary 704 (7th ed.1999) ("`governmental function' [is defined] as `[a] government agency's conduct that is expressly or impliedly mandated or authorized by constitution, statute, or other law and that is carried out for the benefit of the general public'"). The Barry court also made the following finding:
"The fund was not created for the benefit of the general public, but for the *478 benefit of firemen employed by the City of Chicago who are required by statute to contribute to that fund. As previously noted, the Board's primary statutory function is to administer a pension fund. In the context of the instant case, we find neither the Board nor the fund performed a governmental function. Accordingly, we find the Board and the fund do not qualify as `governmental entit[ies]' under section 2-1303 of the Code of Civil Procedure." Barry, 357 Ill.App.3d at 779-80, 293 Ill.Dec. 740, 828 N.E.2d 1238.
We agree with Barry that the Pension Board is not a governmental entity and that pension funds are not public funds that benefit the general public. Accordingly, we affirm the circuit court's award of post-judgment interest at the rate of 9%. Barry, 357 Ill.App.3d at 779-80, 293 Ill.Dec. 740, 828 N.E.2d 1238.

CONCLUSION
In light of the foregoing, we hold (1) that the circuit court retained jurisdiction over the plaintiffs' administrative review action because the circuit court's remand order was not a final order; (2) that sections 6-116 and 6-140 of the Pension Code direct the Board to compute the widows' duty death annuity from the date of each fireman's death and not from the date of the Bertucci decision; (3) that the circuit court did not err when it awarded prejudgment interest; and (4) that the circuit court did not err when it awarded the plaintiffs postjudgment interest at the rate of 9%. Therefore, we affirm the circuit court's June 2, 2005, order.
Affirmed.
O'BRIEN, P.J., and STEELE, J., concur.
NOTES
[1] Section 6-141.1 of the Pension Code provides, in pertinent part, as follows:

"(a) Notwithstanding the other provisions of this Article, the widow of a fireman who dies on or after June 30, 1984, while receiving a retirement annuity or while an active fireman with at least 1 1/2 years of creditable service, may elect to have the amount of widow's annuity calculated in accordance with this Section.
(b) If the deceased fireman was an active fireman at the time of his death and had at least 1 1/2 years of creditable service, the widow's annuity shall be the greater of (1) 30% of the salary attached to the rank of first class firefighter in the classified career service at the time of the fireman's death, or (2) 50% of the retirement annuity the deceased fireman would have been eligible to receive if he had retired from service on the day before his death.
(c) If the deceased fireman was receiving a retirement annuity at the time of his death, the widow's annuity shall be equal to 50% of the amount of such retirement annuity at the time of the fireman's death." 40 ILCS 5/6-141.1 (West 2000).
[2] Section 6-140 of the Pension Code provides, in pertinent part, as follows:

"The annuity for the widow of a fireman whose death results from the performance of an act or acts of duty shall be an amount equal to 50% of the current annual salary attached to the classified position to which the fireman was certified at the time of his death and 75% thereof after December 31, 1972.
* * *
Unless the performance of an act or acts of duty results directly in the death of the fireman, or prevents him from subsequently resuming active service in the fire department, the annuity herein provided shall not be paid; nor shall such annuities be paid unless the widow was the wife of the fireman at the time of the act or acts of duty which resulted in his death." (Emphasis added.) 40 ILCS 5/6-140 (West 2000).
[3] See 735 ILCS 5/3-102 (West 2006) ("This article shall be known as the `Administrative Review Law' "); and Barry v. Retirement Board of Fireman's Annuity & Benefit Fund of Chicago, 357 Ill.App.3d 749, 760, 293 Ill.Dec. 740, 828 N.E.2d 1238 (2005) (Administrative Review Act is now called the Administrative Review Law).
[4] Pursuant to section 6-116 of the Pension Code an annuity is defined as follows:

"[An] Annuity [is set up as a series of] Annual payments for life, unless otherwise terminated under this Article, payable in 12 equal monthly installments beginning on the first day of the second month next following the date of the event upon which payment of annuity shall depend, shall occur and subsequent payments to be due and payable on the first day of each and every month thereafter, except that a smaller pro rata amount shall be paid for part of a month when the annuity begins after the first day of the month or ends before the last day of the month." 40 ILCS 5/6-116 (West 2006).
[5] The 1959 version of the statute, which was amended in 1955, provides, in pertinent part, that a widow's annuity "shall be a life annuity, and equal payments thereof shall be made monthly throughout the life of the annuitant from and after the date when the event upon which payment of such annuity shall depend shall occur." (Emphasis added.) Ill.Rev. Stat. 1959, par. 1063.
[6] The 1963 version of the statute provides, in pertinent part, that an annuity shall be "[a]nnual payments for life, unless otherwise terminated under this Article, payable in 12 equal monthly installments beginning on the first day of the second month next following the date of the event upon which payment of such annuity shall depend, shall occur." (Emphasis added.) Ill.Rev.Stat.1963, ch. 1081/2, par. 6-116.
[7] As previously indicated, the 2000 version of the statute provides in pertinent part that the widow's annuity is tied to "the date of the event upon which payment of annuity shall depend." (Emphasis added.) 40 ILCS 5/6-116 (West 2000).
[8] We note that, although Kouzoukas was entered by this court after Barry, Martino, Barber, and Fenton, and could not have been considered by the trial court in this case, its reasoning is in keep with those cases because it relies heavily upon Fenton for the proposition that police and fire department pensions are prescribed by statute and, therefore, are instruments of writing that are subject to the Interest Act. Kouzoukas, 383 Ill.App.3d at 953-54, 322 Ill.Dec. 216, 890 N.E.2d 1135.
[9] "Of the same kind, class, or nature. * * * Under the `ejusdem generis' canon of statutory construction, where general words follow the enumeration of particular classes of things, the general words will be construed as applying only to things of the same general class as those enumerated." Black's Law Dictionary 517 (6th ed.1990)