VIVIAN E. KOZAK, Indiv. and on behalf of all annuitants of Firemen's Annuity and Benefit Fund of Chicago similarly situated, Plaintiff-Appellant, v. RETIREMENT BOARD OF THE FIREMEN'S ANNUITY AND BENEFIT FUND OF CHICAGO, Defendant-Appellee.

First District (3rd Division) No. 87—0524

Opinion filed May 18, 1988.

Kevin M. Forde and Marshall E. LeSueur, both of Chicago, for appellant.

Fagel, Haber & Maragos, of Chicago (Maynard B. Russell, Steven J. Teplinsky, and James A. Roth, of counsel), for appellee.

PRESIDING JUSTICE WHITE delivered the opinion of the court:

Plaintiff Vivian Kozak, after the 1970 death of her husband, a Chicago fire department battalion chief, applied to defendant Retirement Board of the Firemen's Annuity and Benefit Fund of Chicago (Board) for benefits. The Board notified her that she was entitled to monthly payments of a "widow's compensation annuity" until December 22, 1978, which would have been her husband's 63rd birthday, and would thereafter be entitled to a lesser "supplemental annuity." The Illinois Pension Code (Ill. Rev. Stat. 1985, ch. 108½, par. 6—140) provides that after the date on which a deceased fire fighter would have reached compulsory retirement age, the surviving spouse's annuity is reduced to 40% of the salary the fire fighter received at death. The Municipal Code of Chicago required fire fighters to retire at age 63 at

that time. Kozak received monthly payments amounting to 75% of her husband's salary until 1978, when the payments were reduced.

In August 1986, Kozak filed a class action complaint alleging that the city's mandatory retirement age was a violation of the Age Discrimination in Employment Act, 29 U.S.C. §631 (1986) (ADEA). The complaint asked that the Board be enjoined from computing widow's benefits based on any retirement age other than 70 and that the Board pay to members of the plaintiff class the amounts denied them because of the allegedly invalid retirement age. The trial court ruled that Kozak's claim was barred by the five-year statute of limitations, and she appeals.

■■ ■ Kozak correctly argues that where an obligation is payable by installments, the statute of limitations runs against each installment from the time it becomes due. (*Light v. Light* (1957), 12 Ill. 2d 502, 147 N.E.2d 346.) She therefore casts her complaint as an attempt to recover underpayments and contends that the statute of limitations does not bar claims on those installments paid less than five years before her complaint was filed. The Board responds by citing the case relied upon by the trial court, *Brehm v. Sargent & Lundy* (1978), 66 Ill. App. 3d 472, 384 N.E.2d 55, which held that the right to receive a pension is separate from the right to recover installments and "must be established by suit or otherwise, within the original statutory period which begins to run when the plaintiff first has the power to make the demand." (66 Ill. App. 3d at 474.) The parties have thus reduced this appeal to a single issue: whether Kozak's claim should be viewed as an attempt to recover installment payments or as an attempt to establish a right to a pension.

■■ The structure of Kozak's complaint strongly suggests the appropriate conclusion: it contains little that can be interpreted as a mere attempt to recover underpaid installments. The complaint does not refer to any specific payment which Kozak received from the Board. It does not allege that any particular payment of a certain amount was less than the amount that she was entitled to. Nor does it seek any specific sum as the total of the Board's underpayment. Rather, the complaint asserts that the ADEA made the 63-year mandatory retirement age "illegal, void and unenforceable," and that the use of that age to terminate the "widow's compensation annuity" was also invalid. The complaint clearly indicates that the Board did not concede the right to the higher payment and that Kozak was seeking to establish that right by suit. We conclude that Kozak's complaint was an attempt to assert a cause of action which arose when the Board terminated the compensation annuity in 1978 and that the sub-

sequent payments did not create new causes of action relating to that claim.

We hold that the complaint sought to establish a new legal right; that the trial court's reliance on *Brehm* was proper; and that Kozak's claim was barred by the statute of limitations. We therefore affirm the order of the circuit court of Cook County.

Affirmed.

McNAMARA and FREEMAN, JJ., concur.