MARY LOU LONG, Plaintiff-Appellee, v. THE RETIREMENT BOARD OF THE FIREMEN'S ANNUITY AND BENEFIT FUND OF CHICAGO, Defendant-Appellant.

First District (5th Division)    No. 1—07—3569

Opinion filed May 15, 2009.—Rehearing denied June 12, 2009.

Burke Burns & Pinelli, Ltd., of Chicago (Mary Patricia Burns, Vincent D. Pinelli, and Blanca R. Dominguez, of counsel), for appellant.

Donald T. Bertucci, Ltd., of Chicago (Donald T. Bertucci, of counsel), for appellee.

JUSTICE O'MARA FROSSARD delivered the opinion of the court:
Plaintiff Mary Lou Long filed a claim for a widow's annuity with defendant, the Retirement Board of the Firemen's Annuity and Benefit Fund of Chicago (Board). The Board ultimately awarded her a duty disability widow's annuity paid prospectively from the date this court issued the opinion *Bertucci v. Retirement Board of the Firemen's Annuity & Benefit Fund*, 351 Ill. App. 3d 368 (2004), which concerned the eligibility of firefighters' widows to receive duty-related annuity benefits if the deceased firefighters were permanently disabled in the

course of duty. Plaintiff sought administrative review, and the circuit court set aside the Board's administrative decision and directed the Board to pay plaintiff's annuity benefits retroactive to the date of her husband's death with prejudgment and postjudgment interest.

On appeal, the Board argues that (1) plaintiff's annuity should be payable prospectively from the date of *Bertucci* because that opinion set forth a new principle of law; (2) the circuit court erred in awarding prejudgment interest; and (3) the applicable postjudgment interest rate should be 6%.

For the reasons that follow, we affirm in part the judgment of the circuit court that set aside the Board's decision to pay plaintiff's annuity prospectively from the *Bertucci* opinion. However, we reverse in part the judgment of the circuit court that directed the Board to pay those benefits retroactively to the date of plaintiff's husband's death. We remand this case to the Board to pay plaintiff's benefits prospectively from July 25, 1996, the date this court issued *Tonkovic v. Retirement Board of the Firemen's Annuity & Benefit Fund*, 282 Ill. App. 3d 876 (1996).

We also affirm the judgment of the circuit court to award plaintiff prejudgment and postjudgment interest. However, we reverse in part the circuit court's order that the Board pay plaintiff prejudgment interest calculated from the date of her husband's death and remand this cause to the Board with directions to pay plaintiff prejudgment interest calculated from July 25, 1996.

## I. BACKGROUND

Plaintiff is the widow of David Long, a Chicago fireman. Mr. Long injured his right knee fighting a fire in 1973 and injured it again in 1975 fighting another fire. Based on those injuries, the Board awarded Mr. Long duty disability benefits in 1980. In 1987, the Board determined that Mr. Long's right knee injury was permanent. Mr. Long remained on duty disability until August 22, 1988, when he died of metastatic adenocarcinoma of the lung.

In August 1988, the Board granted plaintiff an annuity of $907.80 per month pursuant to section 6—141.1 of the Illinois Pension Code (Pension Code) (Ill. Rev. Stat. 1991, ch. 108½, par. 6—141.1 (now see 40 ILCS 5/6—141.1 (West 2006))). That award was based on the Board's interpretation of the different benefits available to widows under sections 6—140 and 6—141.1 of the Pension Code (40 ILCS 5/6—140, 6—141.1 (West 2006)). According to the Board, under section 6—140, a widow was entitled to 75% of the current annual salary of a fireman who either was killed in the performance of duty or was receiving duty disability benefits and died as a direct result of injuries

suffered in the line of duty. Otherwise, according to the Board, section 6—141.1 provided for a regular widow's annuity benefit of 50% of the retirement annuity the deceased fireman either was receiving or would have been eligible to receive on the date of his death.

On June 29, 2004, this court in *Bertucci*, 351 Ill. App. 3d at 372-73, held that the widows of firefighters who died while in receipt of duty disability benefits and whose duty-related injuries, although not directly the cause of their death, were of such a nature that the firefighters were permanently prevented from subsequently resuming active service, were entitled to receive the higher duty death annuity benefits available under section 6—140 of the Pension Code. The *Bertucci* court rejected the Board's argument that section 6—140 was meant to apply only in the limited situation where a firefighter died directly from or as a result of injuries suffered in the line of duty. *Bertucci*, 351 Ill. App. 3d at 374-75.

In August 2005, the Board sent plaintiff a letter regarding the *Bertucci* opinion and a prepared application for the higher benefits available under section 6—140. Plaintiff signed and returned the application supplied by the Board. After a hearing was held, the Board informed plaintiff on November 28, 2005, that it had granted her a widow's annuity benefit under section 6—140 in the amount of $4,180.50. The Board sent plaintiff a $51,659.38 payment, which represented the difference between the widow's benefit calculated under section 6—141.1 and the higher benefit under section 6—140 as of June 29, 2004. The Board informed plaintiff that her new annuity would be paid monthly beginning as of June 29, 2004, the date of the *Bertucci* opinion.

Thereafter, plaintiff filed in the circuit court a three-count complaint for (count I) class action breach of fiduciary duty, (count II) class action declaratory judgment, and (count III) administrative review. Plaintiff challenged the Board's decision that her benefits were payable prospectively from the date of the *Bertucci* opinion rather than retroactively to the date of Mr. Long's death. Plaintiff also sought recovery for the health insurance premiums she would not have been obligated to pay if the Board had granted her section 6—140 benefits when Mr. Long died.

The Board filed a motion to dismiss pursuant to sections 2—619.1 of the Code of Civil Procedure (Code) (735 ILCS 5/2—619.1 (West 2006)), which was denied by the circuit court. Plaintiff moved for class certification of counts I and II of her complaint, but the circuit court denied her request. The case proceeded to a hearing on plaintiff's claim for administrative review.

On December 20, 2007, the circuit court determined that *Bertucci* did not establish a new principle of law warranting only prospective application of its ruling and that the clear and unambiguous language of section 6—140 should be followed as written. The court set aside the Board's administrative decision that made plaintiff's 6—140 benefits payable prospectively from the date of *Bertucci* and remanded the cause to the Board with directions to pay those benefits retroactive to the date of Mr. Long's death on August 22, 1988. The court also found that plaintiff was entitled to prejudgment interest from the date Mr. Long died to the date of the Board's 2005 administrative decision. Further, the court found plaintiff entitled to postjudgment interest recoverable from the date of the Board's 2005 administrative decision. The court denied plaintiff's request for reimbursement of health insurance premiums.

On December 21, 2007, the circuit court ruled that plaintiff's class action claims in counts I and II of her complaint were moot. Furthermore, the court amended its order of December 20, 2007, and ruled that, regarding the retroactive benefits that accrued between Mr. Long's death in 1988 and the 2004 *Bertucci* opinion, plaintiff was entitled to postjudgment interest from the date of the circuit court's final judgment and not as of the Board's 2005 administrative decision. Regarding the retroactive benefits that accrued between the date of the *Bertucci* decision and the Board's 2005 administrative decision, plaintiff was entitled to postjudgment interest from the date of the Board's 2005 decision. Furthermore, the court found plaintiff entitled to prejudgment interest on the $51,659.38 sum paid by the Board and postjudgment interest on any sum remaining unpaid as of the circuit court's order dated December 20, 2007.

The Board timely appealed.

## II. ANALYSIS

In administrative cases, the appellate court's role is to review the decision of the administrative agency, not the determination of the circuit court. *Marconi v. Chicago Heights Police Pension Board*, 225 Ill. 2d 497, 531 (2006). On review, "[r]ulings on questions of fact will be reversed only if against the manifest weight of the evidence." *Marconi*, 225 Ill. 2d at 532. Questions of law are reviewed *de novo*, and mixed questions of law and fact are reviewed under the clearly erroneous standard. *Marconi*, 225 Ill. 2d at 532.

### A. Retroactive Payment of Plaintiff's Section 6—140 Benefits

The Board defends its administrative decision to pay plaintiff's section 6—140 benefits prospectively from June 29, 2004, the date this court issued the *Bertucci* decision, rather than retroactively to August

22, 1988, the date of Mr. Long's death. The Board argues that *Bertucci* must be applied prospectively because it established a new principle of law. Furthermore, the Board contends that, given the number of widows affected by the *Bertucci* decision, requiring the fund to pay annuities retroactively to the date of the firefighters' deaths would adversely affect the other contributing fund participants and severely impact the actuarially determined funded ratio of the fund. This is a question of law, so our review is *de novo*.

In the civil context, an opinion issued by a court is generally presumed to apply both retroactively and prospectively. *Aleckson v. Village of Round Lake Park*, 176 Ill. 2d 82, 86 (1997). That presumption can be overcome if either the issuing court expressly states that its decision will be applied prospectively only or a later court, under certain circumstances, declines to give the previous opinion retroactive effect to the parties appearing before the later court. *Aleckson*, 176 Ill. 2d at 86. A court conducts a three-prong analysis in deciding whether to give a previous decision prospective effect only. *Aleckson*, 176 Ill. 2d at 86-87. First, a court must determine whether the decision to be applied prospectively only established a new principle of law, either by overruling past precedent on which the parties have relied or by deciding an issue of first impression the resolution of which was not clearly foreshadowed. *Aleckson*, 176 Ill. 2d at 87; *Chevron Oil Co. v. Huson*, 404 U.S. 97, 106-07, 30 L. Ed. 2d 296, 306, 92 S. Ct. 349, 355 (1971). If this threshold requirement is satisfied, then a court considers (1) whether, given the prior history and purpose of the new rule, its operation will be hindered or promoted by prospective application, and (2) whether prospective application is mandated by the balance of the equities. *Aleckson*, 176 Ill. 2d at 88; *Chevron Oil Co.*, 404 U.S. at 106-07, 30 L. Ed. 2d at 306, 92 S. Ct. at 355.

The *Bertucci* opinion did not state that it was to be applied prospectively only. Furthermore, *Bertucci* did not establish a new principle of law but, rather, relied upon and followed an earlier 1996 decision, *Tonkovic*, 282 Ill. App. 3d 876. See *Bertucci*, 351 Ill. App. 3d at 374-79.

In *Tonkovic*, a firefighter suffered a heart attack while fighting a fire, was granted duty disability benefits, and never returned to work. *Tonkovic*, 282 Ill. App. 3d at 877. Fourteen years later he suffered another heart attack and died. *Tonkovic*, 282 Ill. App. 3d at 878. When his widow applied for pension benefits, the Board denied her application for widow's duty death benefits under section 6—140 of the Pension Code and instead awarded her ordinary widow's benefits. *Tonkovic*, 282 Ill. App. 3d at 878. The widow filed a complaint for administrative review, and the circuit court set aside the Board's deci-

sion. *Tonkovic*, 282 Ill. App. 3d at 879. On appeal, the Board argued the widow was not entitled to section 6—140 benefits because she failed to prove her husband's death resulted from his performance of an act or acts of duty. *Tonkovic*, 282 Ill. App. 3d at 879.

This court rejected the Board's argument and held that the plain language of section 6—140 "provides that a surviving spouse is eligible for [section 6—140] benefits if the decedent firefighter's performance of an act or acts of duty prevented him from resuming active service until his or her death." *Tonkovic*, 282 Ill. App. 3d at 880. This court stated that the dispositive issue is "whether the firefighter is injured due to an act or acts of duty and then dies without having returned to active service." *Tonkovic*, 282 Ill. App. 3d at 880.

■ Because *Tonkovic*'s construction of section 6—140 of the Pension Code was later followed by this court in *Bertucci*, *Bertucci* neither established a new principle of law nor decided an issue of first impression. *Hooker v. Retirement Board of the Firemen's Annuity & Benefit Fund*, 391 Ill. App. 3d 129, 141-42 (2009); *Cunningham v. Retirement Board of the Firemen's Annuity & Benefit Fund*, 389 Ill. App. 3d 1065, 1076 (2009). Thus, we reject the Board's argument that *Bertucci* should be applied prospectively only.

Nevertheless, we do not automatically conclude that plaintiff is entitled to payment of her section 6—140 benefits retroactively to the date of Mr. Long's death. Although we note that sections 6—116 and 6—140 of the Pension Code (40 ILCS 5/6—116, 6—140 (West 2006)) direct the Board to compute the annuity from the date of the firefighter's death, *Tonkovic* was decided in 1996, after Mr. Long's death and plaintiff's application for benefits as his widow in 1988. The issue before this court is whether relief should be awarded retroactively to the date of Mr. Long's death or prospectively from the date this court's opinion was filed in *Tonkovic*.

When deciding whether to apply a decision prospectively or retroactively, Illinois courts have emphasized a party's reliance on existing law. *Board of Commissioners of the Wood Dale Public Library District v. County of Du Page*, 103 Ill. 2d 422, 427-28 (1984). Here, the Board relied on section 6—140 for its practice of awarding ordinary section 6—141.1 benefits to widows whose husbands' deaths were not directly caused by their duty-related injuries and limiting the higher section 6—140 benefits to widows whose husbands died on duty or as a direct result of a duty-related injury. Section 6—140 of the Pension Code provides in pertinent part:

> "The annuity for the widow of a fireman whose death results from the performance of an act or acts of duty shall be an amount equal to 50% of the current annual salary attached to the classified

position to which the fireman was certified at the time of his death and 75% thereof after December 31, 1972.

Unless the performance of an act or acts of duty results directly in the death of the fireman, or prevents him from subsequently resuming active service in the fire department, the annuity herein provided shall not be paid; nor shall such annuities be paid unless the widow was the wife of the fireman at the time of the act or acts of duty which resulted in his death." 40 ILCS 5/6—140 (West 2006). The Board believed the higher annuity afforded by section 6—140 was intended to benefit the widows of firefighters who "paid the highest price with their lives" in the performance of their duties. Prior to *Tonkovic*, no court action questioned the Board's interpretation of section 6—140 or its practice of awarding section 6—141.1 benefits to widows like plaintiff. The Board found further support for its interpretation of section 6—140 from its title, which formerly was "Firemen killed in performance of duty—Widow's annuity" (Ill. Rev. Stat. 1991, ch. 108½, par. 6—140), and currently is "Death in the line of duty" (40 ILCS 5/6—140 (West 2006)). Courts have recognized that the official heading or title of a statute can provide guidance in interpreting a provision of a statute if its meaning is unclear. *Hansen v. Caring Professionals, Inc.*, 286 Ill. App. 3d 797, 805 (1997).

■ *Tonkovic* was the first case to indicate that section 6—140 of the Pension Code did not permit the Board to limit the higher benefit payments to the widows of firefighters who died either on duty or directly as a result of a duty-related injury. Thus, *Tonkovic* satisfies the first prong and threshold requirement of the analysis concerning the prospective-only application of a new rule. Turning to the second and third factors of the analysis, we consider the prior history and purpose of the rule and whether it is best served by retroactive application and whether retroactive application would be inequitable.

The Board relied on a state statute as authority for awarding widows like plaintiff lower benefits under section 6—141.1 of the Pension Code. People "are entitled to rely on State statutes when 'making decisions and in shaping their conduct.' " *Board of Commissioners of the Wood Dale Public Library District*, 103 Ill. 2d at 429, quoting *Lemon v. Kurtzman*, 411 U.S. 192, 199, 36 L. Ed. 2d 151, 160, 93 S. Ct. 1463, 1468 (1973). Accordingly, our supreme court has shown reluctance in holding parties " 'to the peril of having their arrangements unraveled if they act before there has been an authoritative judicial determination ***' [citation] that their actions are proper." *Board of Commissioners of the Wood Dale Public Library District*, 103 Ill. 2d at 429, quoting *Lemon*, 411 U.S. at 207, 36 L. Ed. 2d at 165, 93 S. Ct. at 1473. Furthermore, we recognize the Board's important func-

tion "to ensure adequate financial resources to cover [its] obligations to pay current and future retirement and disability benefits to those who qualify for such payments." *Marconi*, 225 Ill. 2d at 544.

This court's decision in *Tonkovic* was the first time it was apparent that the Board's reliance on its interpretation of the statute and long-standing practice was misplaced. We find that the purpose and effect of the new rule would best be served by not imposing a burden on the Board predating our holding in *Tonkovic*. See *Board of Commissioners of the Wood Dale Public Library District*, 103 Ill. 2d at 431-32 (where no court action questioned the county's reliance on a statute as authority to retain interest moneys and no local government questioned the accepted practice, the court prospectively applied the rule of its 1983 opinion, which was the first time it was apparent that the county's reliance was misplaced). Therefore, we apply *Tonkovic* to the parties before us prospectively from July 25, 1996, the date that opinion was filed. Consequently, plaintiff is not entitled to payment of her section 6—140 benefits retroactive to the date of her husband's death in 1988 but, rather, to payment prospectively from July 25, 1996.

We reject the Board's argument that we should limit retroactive payment of plaintiff's benefits to October 26, 2000, five years prior to the Board's administrative decision granting her section 6—140 benefits. The Board's reliance on *Kozak v. Retirement Board of the Firemen's Annuity & Benefit Fund*, 170 Ill. App. 3d 1095 (1988), to support its argument that plaintiff's claim is limited by a five-year statute of limitations is misplaced.

In *Kozak*, the widow received section 6—140 benefits in 1970 when her husband died, but in 1978 the Board reduced her payments because her husband would have reached the mandatory retirement age of 63. *Kozak*, 170 Ill. App. 3d at 1096-97. In her 1986 class action lawsuit, the widow sought to establish her right to the higher benefit payment and alleged that the firefighters' mandatory retirement age violated a federal statute. *Kozak*, 170 Ill. App. 3d at 1097. The court held that the widow's 1986 complaint was time barred because she failed to establish her right to receive the higher pension within five years from the date her cause of action arose in 1978 when the Board terminated her compensation annuity. *Kozak*, 170 Ill. App. 3d at 1097.

*Kozak* did not address an opinion's retroactive application but, rather, distinctions in applying the statute of limitations to claims that attempt to establish a right to a pension versus claims that attempt to recover installment payments. *Kozak*, 170 Ill. App. 3d at 1097. Furthermore, *Kozak* is not relevant to the matter before us because the Board has conceded plaintiff's right to the higher section 6—140 payment and plaintiff timely sought administrative review.

Accordingly, we affirm in part the judgment of the circuit court that set aside the Board's decision to pay plaintiff's benefits prospectively from the date of the 2004 *Bertucci* opinion; however, we reverse the circuit court's order directing the Board to pay her benefits retroactively to the date of her husband's death in 1988. We remand this cause to the Board with directions to pay plaintiff's benefits prospectively from July 25, 1996.

## B. Prejudgment Interest

■ The Board contends the circuit court erred when it granted plaintiff prejudgment interest because either the Board or the fund it administers fits the criteria of a public body and therefore is exempt from the payment of prejudgment interest. We review this question of law *de novo*.

The general rule in Illinois is that interest is not recoverable unless provided for by agreement of the parties or by statute. *Department of Transportation v. New Century Engineering & Development Corp.*, 97 Ill. 2d 343, 352 (1983). Section 2 of the Illinois Interest Act (Interest Act) states in relevant part:

"Creditors shall be allowed to receive at the rate of five (5) per centum per annum for all moneys after they become due on any bond, bill, promissory note, or other instrument of writing ***." 815 ILCS 205/2 (West 2006).

The First District of this court has held that the Pension Code qualified as an "other instrument of writing" under section 2 of the Interest Act because it prescribed the terms and conditions of the fund and created an indebtedness similar to bonds, bills or promissory notes. *Fenton v. Board of Trustees*, 203 Ill. App. 3d 714, 721-23 (1990). See also *Hooker*, 391 Ill. App. 3d at 143; *Cunningham*, 389 Ill. App. 3d at 1077-78; *Kouzoukas v. Retirement Board of the Policemen's Annuity & Benefit Fund*, 383 Ill. App. 3d 942, 954 (2008); *Barry v. Retirement Board of the Firemen's Annuity & Benefit Fund*, 357 Ill. App. 3d 749, 772 (2005); *Martino v. Police Pension Board*, 331 Ill. App. 3d 975, 983 (2002); *Barber v. Board of Trustees*, 256 Ill. App. 3d 814, 819 (1993). We recognize that the Third District of this court has criticized the conclusion of *Fenton* and its progeny, citing the principle of *ejusdem generis* and the rule that interest statutes should be strictly construed. *Bassett v. Pekin Police Pension Board*, 362 Ill. App. 3d 235, 241-42 (2005). The *Bassett* court's disagreement with *Fenton* and its progeny, however, was *dicta* where *Bassett*'s entire discussion of the Interest Act was superfluous because the court previously determined that the plaintiff was not entitled to interest on the increased amount of contributions refunded to him. *Bassett*, 362 Ill. App. 3d at 242 (Lytton, J., specially concurring). The holding in *Fenton* on this issue has been

followed in the First District in the cases of *Hooker, Cunningham, Kouzoukas, Barry, Martino,* and *Barber.* We believe that the holdings in *Fenton* and its progeny are well reasoned and, as a consequence, we decline to follow *Bassett.*

The Board invites us to revisit the issue of whether it is exempt from the provisions of the Interest Act as a public body. In support of the argument that it is exempt, the Board cites *McKee-Berger-Mansueto, Inc. v. Board of Education,* 626 F.2d 559, 566 (7th Cir. 1980), for the proposition that public bodies like the Board of Education, in the absence of an express agreement or statute authorizing prejudgment interest, are exempt from general interest statutes. The Board argues that because the fund was created to benefit firefighters and their families, it is directly correlated to the City of Chicago's ability to recruit firefighters. According to the Board, the fund benefits the public at large because the services provided by firefighters solely benefit the public at large.

Recently, in *Barry* this court addressed this same issue and concluded that the Board and its fund "were created, not to benefit the public at large but, rather, to benefit Chicago firefighters and their family members." *Barry,* 357 Ill. App. 3d at 775. Consequently, this court held that neither the Board nor its fund was exempt from the Interest Act as a public body. *Barry,* 357 Ill. App. 3d at 774. We believe that the holding in *Barry* is well reasoned and continue to follow it. Thus, we find that the circuit court properly awarded plaintiff prejudgment interest.

However, consistent with our discussion above concerning the prospective application of *Tonkovic,* plaintiff is entitled to an award of prejudgment interest calculated from July 25, 1996, rather than prejudgment interest calculated from Mr. Long's death in 1988. We remand this cause to the Board to pay plaintiff prejudgment interest consistent with this decision.

## C. Postjudgment Interest

■ The Board argues that the proper rate of postjudgment interest awarded to plaintiff should be at the rate of 6% instead of 9%. According to the Board, the lower rate of interest is justified because the pension fund from which the interest would come qualifies as a governmental entity. The Board acknowledges that we rejected this same argument in *Barry,* but the Board contends that the *Barry* analysis was too restrictive. The Board argues that the fund is a governmental entity because it is partly comprised of the public's real estate property taxes and because firefighters directly serve the public at large. We review this question of law *de novo.*

Section 2—1303 of the Code governs awards of postjudgment interest and provides, in pertinent part, that when the judgment debtor is a governmental entity, the judgment shall draw interest at the rate of 6% per annum, rather than the higher 9% rate. 735 ILCS 5/2—1303 (West 2006). In *Barry*, this court, noting the Black's Law Dictionary definition of a governmental entity, determined that, in order to qualify as a governmental entity, an entity must perform a governmental function, *i.e.*, a government agency's conduct that is authorized by constitution, statute, or other law and carried out for the benefit of the general public. *Barry*, 357 Ill. App. 3d at 779. This court then concluded that neither the Board nor its fund qualified as a governmental entity under section 2—1303 of the Code because neither performed a governmental function where the Board's primary function was to administer the fund created for the benefit of firemen. *Barry*, 357 Ill. App. 3d at 780.

We believe that the *Barry* decision is well reasoned and continue to follow it. *Hooker*, 391 Ill. App. 3d at 146; *Cunningham*, 389 Ill. App. 3d at 1080. Furthermore, the Board's reliance on *Bassett* to support its argument is misplaced because in *Bassett* the plaintiff contended that he was entitled to the lower 6% interest rate and the Board merely conceded the issue. *Bassett*, 362 Ill. App. 3d at 242. Thus, we find that plaintiff is entitled to postjudgment interest at the rate of 9%.

Finally, the Board complains that, pursuant to section 2—1303 of the Code, plaintiff's award of postjudgment interest should not run from the date of the Board's administration decision of November 28, 2005, but should begin running from December 20, 2007, the date the circuit court rendered its judgment. Plaintiff concedes this issue, explaining that counsel was the scrivener of the order dated December 21, 2007, and any confusion caused by the language of that order was counsel's error.

### III. CONCLUSION

For the reasons stated above, we affirm in part the judgment of the circuit court that set aside the Board's decision to pay plaintiff's annuity prospectively from the *Bertucci* opinion. However, we reverse in part the judgment of the circuit court that directed the Board to pay those benefits retroactively to the date of Mr. Long's death. We remand this case to the Board to pay plaintiff's benefits prospectively from July 25, 1996, the date this court issued *Tonkovic*, 282 Ill. App. 3d 876.

Furthermore, we affirm the judgment of the circuit court to award plaintiff prejudgment and postjudgment interest. However, we reverse in part the circuit court's order that the Board pay plaintiff prejudg-

ment interest calculated from the date of Mr. Long's death and remand this cause to the Board to pay plaintiff prejudgment interest calculated from July 25, 1996.

Affirmed in part and reversed in part; cause remanded.

FITZGERALD SMITH, P.J., and TOOMIN, J., concur.