GWENDOLYN COLEMAN, Plaintiff-Appellee, v. THE RETIREMENT BOARD OF THE FIREMEN'S ANNUITY AND BENEFIT FUND OF CHICAGO, Defendant-Appellant.

First District (5th Division)   No. 1—07—2355

Opinion filed June 19, 2009.

Burke Burns & Pinelli, Ltd., of Chicago (Mary Patricia Burns, Vincent D. Pinelli, and Blanca R. Dominguez, of counsel), for appellant.

Martin O. Holland, of Evergreen Park, for appellee.

JUSTICE O'MARA FROSSARD delivered the opinion of the court:

Plaintiff Gwendolyn Coleman filed a claim for a widow's annuity with defendant, the Retirement Board of the Firemen's Annuity and Benefit Fund of Chicago (Board). The Board ultimately awarded her a duty disability widow's annuity paid prospectively from the date of a decision issued by this court concerning the eligibility of firefighters' widows to receive duty-related annuity benefits if the deceased firefighters were permanently disabled in the course of duty. Plaintiff sought administrative review, and the circuit court set aside in part the Board's administrative decision and directed the Board to pay plaintiff's annuity benefits retroactive to the date of her husband's death with prejudgment and postjudgment interest.

On appeal, the Board argues that (1) the circuit court erred in denying the Board's motion to dismiss plaintiff's complaint for administrative review based upon a lack of jurisdiction; (2) plaintiff's annuity should be payable prospectively from the date of an appellate court decision that set forth a new principle of law; (3) the circuit court erred in awarding prejudgment interest; and (4) the applicable postjudgment interest rate was 6%, rather than the 9% awarded. For the reasons that follow, we affirm the judgment of the circuit court.

## I. BACKGROUND

Plaintiff is the widow of Boyce Coleman, a Chicago fireman injured while on duty in 1988. Specifically, a ceiling collapsed and fell on Mr. Coleman's head and left shoulder, resulting in serious injury to his left rotator cuff. Mr. Coleman's injury resulted in full disability in 1996, and the Board accordingly approved his disability claim. In 1999, acting upon a physician's reexamination of Mr. Coleman's injury, the Board determined that Mr. Coleman was permanently disabled and unable to return to work as a fireman. On May 22, 2003, Mr. Coleman died from cardiac arrest.

Shortly after her husband's death, plaintiff received from the Board an application for a widow's annuity and a letter informing her that the Board would consider her entitlement to benefits at one of its regular monthly meetings. Neither document indicated that plaintiff was eligible for or could apply for more than one type of benefit.

Plaintiff complied with the letter's instructions to return the application and Mr. Coleman's death certificate.

On July 9, 2003, plaintiff received from the Board a corrected notice for a hearing scheduled on July 16, 2003. The Board enclosed copies of sections 6—141.1, 6—128.4 and 6—140 of the Illinois Pension Code (Pension Code) (40 ILCS 5/6—141.1, 6—128.4, 6—140 (West 2002)), stating that the sections "may be applicable to your claim." The Board also sent her a packet of information and exhibits relevant to her claim.

Immediately prior to the hearing, Board employees gave plaintiff the Board's seven-page pamphlet entitled "Salient Features of the Firemen's Annuity and Benefit Fund." According to the pamphlet, under the widow's compensation annuity, a widow was entitled to 75% of the current annual salary of a fireman who either was killed in the performance of duty or receiving duty disability benefits and died as a result of injuries suffered in the line of duty. Otherwise, the ordinary death in service annuity provided for regular widow's annuity benefits of 50% of the retirement annuity the deceased fireman either was receiving or would have been eligible to receive on the date of his death.

During the Board hearing, plaintiff, who appeared *pro se*, stated that she was advised that two annuity benefits were available to widows. She said she had reviewed that information and sought the "ordinary" benefit.

On August 13, 2003, the Board informed plaintiff by letter that her "application for widow's annuity was granted" for $1,683.15 per month. The letter did not inform her that she was awarded lesser benefits under section 6—141.1 of the Pension Code, rather than the higher benefits available pursuant to section 6—140 of the Pension Code. See 40 ILCS 5/6—141.1, 6—140 (West 2002).

On June 29, 2004, this court in *Bertucci v. Retirement Board of the Firemen's Annuity & Benefit Fund*, 351 Ill. App. 3d 368, 372-73 (2004), held that the widows of firefighters who died while in receipt of duty disability benefits and whose duty-related injuries, although not directly the cause of their death, were of such a nature that the firefighters were permanently prevented from subsequently resuming active service, were entitled to receive the higher duty death annuity benefits available under section 6—140 of the Pension Code. The *Bertucci* court rejected the Board's argument that section 6—140 was meant to apply only in the limited situation where a firefighter died directly from or as a result of injuries suffered in the line of duty. *Bertucci*, 351 Ill. App. 3d at 374-75.

In the spring of 2005, the Board advised its annuitants of the *Bertucci* decision. In June 2005, plaintiff filed in the circuit court a

complaint for administrative review against the Board regarding its 2003 annuity benefits decision. She challenged the Board's decision to grant her benefits under section 6—141.1 of the Pension Code, rather than the higher benefits under section 6—140. She alleged that the Board misled her regarding her entitlement to the higher benefits and failed to inform her that she was denied those benefits.

The Board filed a motion to dismiss pursuant to sections 2—619 and 2—615 of the Code of Civil Procedure (Code) (735 ILCS 5/2—619, 2—615 (West 2006)), arguing that plaintiff failed to file her complaint for administrative review within 35 days from the Board's August 13, 2003, administrative decision. The Board also argued that plaintiff clearly requested the regular widow's annuity under section 6—141.1 of the Pension Code, ratified the Board's decision by accepting the regular annuity for over two years, and was estopped from now claiming entitlement to a higher benefit under section 6—140. Furthermore, the Board argued that plaintiff's claim was precluded by the equitable doctrine of *laches* and subject to dismissal for failure to state a claim upon which relief could be granted.

In response, plaintiff argued, *inter alia*, that her complaint was not barred by the 35-day filing time limit because the Board failed to inform her that she was denied a benefit and denied her due process by not affording her a hearing to show the permanency of Mr. Coleman's duty disability. In her attached affidavit, plaintiff stated that she was misled about her eligibility for the higher benefits of the widow's compensation annuity by the Board's pamphlet and by Board employees who advised her that she was entitled only to an ordinary widow's benefit.

In July 2006, the circuit court denied the Board's motion to dismiss.

In September 2006, the circuit court granted plaintiff's motion to remand the matter to the Board for a hearing to determine whether plaintiff was entitled to receive widow's annuity benefits pursuant to section 6—140 of the Pension Code. In December 2006, the Board conducted the remand hearing and granted plaintiff benefits under section 6—140 payable from June 29, 2004, the date of the *Bertucci* decision, instead of May 22, 2003, the date of Mr. Coleman's death.

Thereafter, plaintiff filed a motion in the circuit court to set a briefing schedule for administrative review of the Board's December 2006 decision. The circuit court held a remand status hearing and the Board subsequently filed an answer to plaintiff's complaint for administrative review. After briefing and oral argument, the circuit court confirmed in part the Board's decision that granted plaintiff section 6—140 benefits. The court, however, set aside the part of the

Board's decision that made those benefits payable prospectively from the date of *Bertucci* and ordered the Board to pay the benefits retroactive to the date of Mr. Coleman's death. The circuit court determined that *Bertucci* did not establish a new principle of law warranting only prospective application of its ruling and that the clear and unambiguous language of section 6—140 should be followed as written. The circuit court also awarded plaintiff postjudgment interest at 9% and prejudgment interest. The circuit court's order was made final and appealable on July 23, 2007, and the Board timely appealed.

## II. ANALYSIS

### A. Jurisdiction

The Board argues that the circuit court erred in denying its motion to dismiss because (1) plaintiff failed to file her complaint for administrative review within 35 days of the Board's 2003 annuity decision; (2) the Board's procedures adequately provided her with due process; and (3) her voluntary conduct ratified the Board's 2003 decision, so she was equitably estopped from seeking review of it.

The Board filed its motion to dismiss pursuant to section 2—619.1 of the Code (735 ILCS 5/2—619.1 (West 2006)), which allows a party to combine a section 2—615 motion to dismiss based upon a party's substantially insufficient pleadings with a section 2—619 motion to dismiss, which admits the legal sufficiency of the plaintiff's complaint but asserts an affirmative defense or other matter that avoids or defeats the plaintiff's claim. *Edelman, Combs & Latturner v. Hinshaw & Culbertson*, 338 Ill. App. 3d 156, 165 (2003); *DeLuna v. Burciaga*, 223 Ill. 2d 49, 59 (2006). On appeal, the Board advances only its motion to dismiss arguments made under section 2—619 of the Code. "Section 2—619 motions present a question of law, and we review rulings thereon *de novo.*" *DeLuna*, 223 Ill. 2d at 59. See also *Barry v. Retirement Board of the Firemen's Annuity & Benefit Fund*, 357 Ill. App. 3d 749, 760 (2005) (whether the trial court has jurisdiction is a question of law and thus reviewed *de novo*).

The Board contends the circuit court lacked jurisdiction over plaintiff's complaint because it was not timely filed within the 35-day period in accordance with section 3—103 of the Administrative Review Law (735 ILCS 5/3—103 (West 2006)), which is codified as article III of the Code. Under that law, parties to a proceeding before an administrative agency are barred from obtaining judicial review of the agency's decision unless review is sought "within the time and in the manner" provided by the statute. 735 ILCS 5/3—102 (West 2006). If the statutory procedures are not strictly followed, the circuit court does not have jurisdiction to hear the case. *Rodriguez v. Sheriff's Merit Comm'n*, 218 Ill. 2d 342, 350 (2006).

■ Section 3—103 of the Code provides that "[e]very action to review a final administrative decision shall be commenced by the filing of a complaint and the issuance of summons within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected by the decision." 735 ILCS 5/3—103 (West 2006). The 35-day time limit required by the Administrative Review Law is an essential element of one's statutory right to seek judicial review and therefore is a jurisdictional requirement that cannot be waived. *Fredman Brothers Furniture Co. v. Department of Revenue*, 109 Ill. 2d 202, 212 (1985).

Administrative agencies, however, must comply with due process (*In re Abandonment of Wells Located in Illinois*, 343 Ill. App. 3d 303, 306 (2003)), and the 35-day limit does not bar a plaintiff's complaint for administrative review where an administrative agency fails to fairly and adequately inform a plaintiff of its decision (*Keller v. Retirement Board of the Firemen's Annuity & Benefit Fund*, 245 Ill. App. 3d 48, 53-54 (1993); *Barry*, 357 Ill. App. 3d at 764).

■ Here, the Board's August 13, 2003, letter merely told plaintiff that her "application for widow's annuity was granted" for $1,683.15 per month. The letter did not inform her that she was awarded lesser benefits under section 6—141.1 of the Pension Code, rather than the higher benefits available under section 6—140. Furthermore, the record established that the Board, through its pamphlet, incorrectly advised plaintiff prior to her 2003 administrative hearing that she was not eligible for the higher section 6—140 benefits where Mr. Coleman's death did not result directly from his duty-related injury. Consequently, the Board's 2003 award letter failed to inform plaintiff that the annuity awarded essentially constituted a denial of the alternative and higher benefit available to her under section 6—140. The Board's 2003 letter was misleading because it failed to notify plaintiff of the Board's adverse decision denying her the 75% duty death benefit under section 6—140 of the Pension Code. *Barry*, 357 Ill. App. 3d at 764. Because the Board failed to meet its due process obligations necessary to activate the 35-day time limit, the circuit court had jurisdiction over plaintiff's complaint for administrative review. *Barry*, 357 Ill. App. 3d at 764. Thus, the circuit court properly denied the Board's motion to dismiss.

■ The Board also argues, without citation to any relevant authority, that plaintiff is estopped from seeking a review of the Board's 2003 award decision because she requested an ordinary widow's annuity at her 2003 administrative hearing and her voluntary conduct ratified the Board's 2003 decision where she accepted the monthly payments for almost two years. The Board's argument lacks merit.

Judicial estoppel provides that a party who asserts a particular position in a legal proceeding is estopped from asserting a contrary position in a subsequent legal proceeding. *Bidani v. Lewis*, 285 Ill. App. 3d 545, 550 (1996). Judicial estoppel applies if the party to be estopped took two totally inconsistent factual positions in separate judicial or quasi-judicial administrative proceedings, intending the trier of fact to accept the truth of the facts alleged, and succeeded in the first proceeding and received a benefit thereby. *Wolfe v. Wolf*, 375 Ill. App. 3d 702, 705 (2007).

Plaintiff's testimony at the 2003 administrative hearing is not totally inconsistent with her complaint for administrative review. As discussed above, the Board's pamphlet misled plaintiff prior to her 2003 hearing about her eligibility for the higher section 6—140 benefits. Furthermore, the Board's 2003 award letter failed to inform her that she was awarded lower benefits under section 6—141.1 instead of the higher benefits under section 6—140. Plaintiff's complaint is based upon allegations that the Board misrepresented her eligibility for particular benefits. This is not a case in which the plaintiff deliberately shifted positions to suit the exigencies of the moment. Accordingly, judicial estoppel does not apply.

B. Retroactive Payment of Plaintiff's Section 6—140 Benefits

■ Next, the Board defends its administrative decision to pay plaintiff's section 6—140 benefits prospectively from June 29, 2004, the date this court issued the *Bertucci* decision, rather than retroactively to May 22, 2003, the date of Mr. Coleman's death. The Board argues that *Bertucci* must be applied prospectively because it established a new principle of law. Furthermore, the Board contends that, given the number of widows affected by the *Bertucci* decision, requiring the fund to pay annuities retroactively to the date of the firefighters' deaths would adversely affect the other contributing fund participants and severely impact the actuarially determined funded ratio of the fund. This is a question of law, so our review is *de novo*. *Marconi v. Chicago Heights Police Pension Board*, 225 Ill. 2d 497, 532 (2006).

In the civil context, an opinion issued by a court is generally presumed to apply both retroactively and prospectively. *Aleckson v. Village of Round Lake Park*, 176 Ill. 2d 82, 86 (1997). That presumption can be overcome if either the issuing court expressly states that its decision will be applied prospectively only or a later court, under certain circumstances, declines to give the previous opinion retroactive effect to the parties appearing before the later court. *Aleckson*, 176 Ill. 2d at 86. A court conducts a three-prong analysis in deciding

whether to give a previous decision prospective effect only. *Aleckson*, 176 Ill. 2d at 86-87. First, a court must determine whether the decision to be applied prospectively only established a new principle of law, either by overruling past precedent on which the parties have relied or by deciding an issue of first impression the resolution of which was not clearly foreshadowed. *Aleckson*, 176 Ill. 2d at 87; *Chevron Oil Co. v. Huson*, 404 U.S. 97, 106-07, 30 L. Ed. 2d 296, 306, 92 S. Ct. 349, 355 (1971). If this threshold requirement is satisfied, then a court considers (1) whether, given the purpose and prior history of the new rule, its operation will be hindered or promoted by prospective application, and (2) whether prospective application is mandated by the balance of the equities. *Aleckson*, 176 Ill. 2d at 88; *Chevron Oil Co.*, 404 U.S. at 106-07, 30 L. Ed. 2d at 306, 92 S. Ct. at 355.

The *Bertucci* opinion did not state that it was to be applied prospectively only. Furthermore, *Bertucci* did not establish a new principle of law but, rather, relied upon and followed an earlier decision, *Tonkovic v. Retirement Board of the Fireman's Annuity & Benefit Fund*, 282 Ill. App. 3d 876 (1996). See *Bertucci*, 351 Ill. App. 3d at 374-79.

In *Tonkovic*, a firefighter suffered a heart attack while fighting a fire, was granted duty disability benefits, and never returned to work. *Tonkovic*, 282 Ill. App. 3d at 877. Fourteen years later he suffered another heart attack and died. *Tonkovic*, 282 Ill. App. 3d at 878. When his widow applied for pension benefits, the Board denied her application for widow's duty death benefits under section 6—140 of the Pension Code, and instead awarded her ordinary widow's benefits. *Tonkovic*, 282 Ill. App. 3d at 878. The widow filed a complaint for administrative review, and the circuit court set aside the Board's decision. *Tonkovic*, 282 Ill. App. 3d at 879. On appeal, the Board argued the widow was not entitled to section 6—140 benefits because she failed to prove her husband's death resulted from his performance of an act or acts of duty. *Tonkovic*, 282 Ill. App. 3d at 879.

This court rejected the Board's argument and held that the plain language of section 6—140 "provides that a surviving spouse is eligible for [section 6—140] benefits if the decedent firefighter's performance of an act or acts of duty prevented him from resuming active service until his or her death." *Tonkovic*, 282 Ill. App. 3d at 880. This court stated that the dispositive issue is "whether the firefighter is injured due to an act or acts of duty and then dies without having returned to active service." *Tonkovic*, 282 Ill. App. 3d at 880.

*Tonkovic* was decided in 1996, prior to Mr. Coleman's death and plaintiff's application for benefits as his widow in 2003. Because

*Tonkovic*'s construction of section 6—140 of the Pension Code was later followed by this court in *Bertucci, Bertucci* neither established a new principle of law nor decided an issue of first impression. *Hooker v. Retirement Board of the Firemen's Annuity & Benefit Fund*, 391 Ill. App. 3d 129, 141-142 (2009); *Cunningham v. Retirement Board of the Firemen's Annuity & Benefit Fund*, 389 Ill. App. 3d 1065, 1074-75 (2009). Thus, we reject the Board's argument that *Bertucci* should be applied prospectively. Accordingly, we find that the circuit court properly set aside the part of the Board's decision that granted plaintiff benefits payable prospectively from the date of the *Bertucci* decision and ordered the Board to pay her benefits retroactively to the date of her husband's death.

## C. Prejudgment Interest

■ The Board contends the circuit court erred when it granted plaintiff prejudgment interest because either the Board or the fund it administers fits the criteria of a public body and therefore is exempt from the payment of prejudgment interest. We review this question of law *de novo*.

The general rule in Illinois is that interest is not recoverable unless provided for by agreement of the parties or by statute. *Department of Transportation v. New Century Engineering & Development Corp.*, 97 Ill. 2d 343, 352 (1983). Section 2 of the Illinois Interest Act (Interest Act) states in relevant part:

> "Creditors shall be allowed to receive at the rate of five (5) per centum per annum for all moneys after they become due on any bond, bill, promissory note, or other instrument of writing ***." 815 ILCS 205/2 (West 2006).

The First District of this court has held that the Pension Code qualified as an "other instrument of writing" under section 2 of the Interest Act because it prescribed the terms and conditions of the fund and created an indebtedness similar to bonds, bills or promissory notes. *Fenton v. Board of Trustees*, 203 Ill. App. 3d 714, 721-23 (1990). See also *Hooker*, 391 Ill. App. 3d at 144; *Cunningham*, 389 Ill. App. 3d at 1078; *Kouzoukas v. Retirement Board of the Policemen's Annuity & Benefit Fund*, 383 Ill. App. 3d 942, 954 (2008); *Barry*, 357 Ill. App. 3d at 772; *Martino v. Police Pension Board*, 331 Ill. App. 3d 975, 983 (2002); *Barber v. Board of Trustees*, 256 Ill. App. 3d 814, 819 (1993). We recognize that the Third District of this court has criticized the conclusion of *Fenton* and its progeny, citing the principle of *ejusdem generis* and the rule that interest statutes should be strictly construed. *Bassett v. Pekin Police Pension Board*, 362 Ill. App. 3d 235, 241-42 (2005). The *Bassett* court's disagreement with *Fenton* and its progeny, however, was *dicta* where *Bassett*'s entire discussion of the Interest

Act was superfluous because the court previously determined that the plaintiff was not entitled to interest on the increased amount of contributions refunded to him. *Bassett*, 362 Ill. App. 3d at 242 (Lytton, J., specially concurring). The holding in *Fenton* on this issue has been followed in the First District in the cases of *Hooker*, *Cunningham*, *Kouzoukas*, *Barry*, *Martino*, and *Barber*. We believe that the holdings in *Fenton* and its progeny are well reasoned and, as a consequence, we decline to follow *Bassett*.

The Board invites us to revisit the issue of whether it is exempt from the provisions of the Interest Act as a public body. In support of the argument that it is exempt, the Board cites *McKee-Berger-Mansueto, Inc. v. Board of Education*, 626 F.2d 559, 566 (7th Cir. 1980), for the proposition that public bodies like the Board of Education, in the absence of an express agreement or statute authorizing prejudgment interest, are exempt from general interest statutes. The Board argues that because the fund was created to benefit firefighters and their families, it is directly correlated to the City of Chicago's ability to recruit firefighters. According to the Board, the fund benefits the public at large because the services provided by firefighters solely benefit the public at large.

Recently, in *Barry* this court addressed this same issue and concluded that the Board and its fund "were created, not to benefit the public at large but, rather, to benefit Chicago firefighters and their family members." *Barry*, 357 Ill. App. 3d at 775. Consequently, the court held that neither the Board nor its fund was exempt from the Interest Act as a public body. *Barry*, 357 Ill. App. 3d at 774. We believe that the holding in *Barry* is well reasoned and continue to follow it. Thus, we find that the circuit court properly awarded plaintiff prejudgment interest.

## D. Postjudgment Interest

■ The Board argues that the circuit court erred in awarding postjudgment interest at the rate of 9% instead of 6%. According to the Board, the lower rate of interest is justified because the pension fund from which the interest would come qualifies as a governmental entity. The Board acknowledges that we rejected this same argument in *Barry*, but the Board contends that the *Barry* analysis was too restrictive. The Board argues that the fund is a governmental entity because it is partly comprised of the public's real estate property taxes and because firefighters directly serve the public at large. We review this question of law *de novo*.

Section 2—1303 of the Code governs awards of postjudgment interest and provides, in pertinent part, that when the judgment debtor is

a governmental entity, the judgment shall draw interest at the rate of 6% per annum, rather than the higher 9% rate. 735 ILCS 5/2—1303 (West 2006). In *Barry*, this court, noting the Black's Law Dictionary definition of a governmental entity, determined that, in order to qualify as a governmental entity, an entity must perform a governmental function, *i.e.*, a government agency's conduct that is authorized by constitution, statute, or other law and carried out for the benefit of the general public. *Barry*, 357 Ill. App. 3d at 779. The court then concluded that neither the Board nor its fund qualified as a governmental entity under section 2—1303 of the Code because neither performed a governmental function where the Board's primary function was to administer the fund created for the benefit of firemen. *Barry*, 357 Ill. App. 3d at 780.

We believe that the *Barry* decision is well reasoned and continue to follow it. *Hooker*, 391 Ill. App. 3d at 146; *Cunningham*, 389 Ill. App. 3d at 1080. Furthermore, the Board's reliance on *Bassett* to support its argument is misplaced because in *Bassett* the plaintiff contended that he was entitled to the lower 6% interest rate and the Board merely conceded the issue. *Bassett*, 362 Ill. App. 3d at 242. Thus, we find that the circuit court properly awarded plaintiff postjudgment interest at the rate of 9%.

## III. CONCLUSION

For the reasons stated above, we find that the circuit court properly denied the Board's motion to dismiss for lack of jurisdiction. We also affirm the judgment of the circuit court that set aside in part the Board's decision to award plaintiff's section 6—140 benefits prospectively from the date of *Bertucci* and ordered the Board to pay those benefits retroactively to the date of Mr. Coleman's death. Furthermore, we affirm the judgment of the circuit court awarding plaintiff prejudgment interest and 9% postjudgment interest.

Affirmed.

TULLY and TOOMIN, JJ., concur.