2015 IL App (2d) 140820
No. 2-14-0820
Opinion filed October 16, 2015

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

| | | |
|---|---|---|
| CHRISTINE GRIMM, | ) | Appeal from the Circuit Court |
| | ) | of Lake County. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 13-MR-1646 |
| | ) | |
| RICHARD CALICA, as Director of the | ) | |
| Department of Children and Family | ) | |
| Services, | ) | Honorable |
| | ) | Christopher C. Starck, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE BURKE delivered the judgment of the court, with opinion.
Justices Hutchinson and Birkett concurred in the judgment and opinion.

**OPINION**

¶ 1     Defendant, Richard Calica, as Director of the Department of Children and Family Services (Department), appeals after the court granted the relief sought by plaintiff, Christine Grimm, in her complaint for administrative review, reversing the Department's decision declining to expunge an "indicated" child-abuse finding.  The sole question on appeal is whether the court had jurisdiction; defendant does not challenge the court's ruling on its merits. The court's jurisdiction depends on whether, as a matter of due process, the complaint must be deemed timely filed despite plaintiff's having filed it a day beyond the statutory deadline.   The complaint's timeliness, in turn, depends on whether the Department's notice to plaintiff of its

final decision was clear enough to satisfy due-process requirements. We hold that the notice was sufficiently confusing as to the service date that it did not satisfy due-process requirements, so that the complaint must be deemed timely, thus giving the court jurisdiction. We therefore affirm the court's order reversing the Department's final ruling.

¶ 2                    I. BACKGROUND

¶ 3    This case stems from a determination by the Department that evidence supported an "indicated" child-abuse finding as to plaintiff. Plaintiff sought expungement of that finding; the Department addressed that request at an administrative hearing that took place on June 20, 2013. On July 21, 2013, the administrative law judge who presided over the hearing made a written recommendation that the Department decide against expunging the finding. This recommendation contained the administrative law judge's findings in detail. The Department issued a decision in accord with the recommendation.

¶ 4    The Department's decision is in the form of a business letter on Department letterhead. This decision (the letter decision) accepted the administrative law judge's findings, but did not restate them in detail. The letter decision's addressee was the attorney who had represented plaintiff at the hearing, and it had a heading in the following form:

"**<u>CERTIFIED MAIL</u>**

July 30, 2013

[Attorney's name and address]

RE: Christine Grimm, [Case numbers]

Dear Mr. [Attorney]"

The letter decision concluded with the following statement:

"This represents the final administrative decision of the [Department]. If you disagree with any part of it, *you may seek judicial review* under the provisions of the Administrative Review Law, 735 ILCS 5/3-101 *et seq*. (West 2010), *within 35 days of the date this decision was served on you*." (Emphases added.)

The administrative law judge's written recommendation accompanied the letter decision.

¶ 5    Plaintiff filed a complaint for administrative review on September 4, 2013, which was 36th day after July 30, 2013. She sought reversal of the Department's decision, on the basis that the evidence did not support it.

¶ 6    Defendant moved to dismiss the complaint as untimely. He cited section 3-103 of the Administrative Review Law (Law) (735 ILCS 5/3-103 (West 2012)), which provides that a complaint for administrative review must be filed within 35 days of service of the final decision for the court to have jurisdiction of it. He asserted that the Department had served plaintiff with its final decision on July 30, 2013, when it mailed the letter decision to plaintiff's attorney via certified mail. He noted that section 3-103 deems a decision to be served when it is mailed to the affected party. As evidence of the date of mailing, he attached a certified mail receipt and the affidavit of a Department employee in which the employee averred that, consistent with the receipt, she had mailed the decision to the addressee on July 30, 2013.

¶ 7    Plaintiff responded. She stated that she personally did not receive the Department's documents until August 12 or 13, 2013. She argued that mailing to her attorney was not adequate service under the Law, but further contended that due-process considerations required the court to disregard the 35-day limit on filing. She asserted that the phase "within 35 days of the date this decision was served on you," as it was used in the letter decision, was confusing. Her argument reflected another confusion: she consistently treated the administrative law judge's written

recommendation as the decision proper while assuming that the letter decision was merely a cover letter. Plaintiff contended that informing the recipient that a complaint for administrative review must be filed within 35 days of the date on the letter would have been a much clearer way of communicating the time limit.

¶ 8    Defendant replied, arguing that the Department's own rules specifically allowed service on a party's attorney. He further argued that under section 10-50 of the Illinois Administrative Procedure Act (Act) (5 ILCS 100/10-50 (West 2012)) a party's attorney is a proper person to receive service in an administrative proceeding unless the party affirmatively rejects the attorney as his or her agent for such service.

¶ 9    On January 22, 2014, the court entered an order finding in favor of plaintiff. It noted that, because the Monday of the week that plaintiff filed her complaint was Labor Day, she had missed the filing deadline by less than 24 hours. It denied the motion to dismiss "in the interests of justice."

¶ 10   On July 16, 2014, after the filing of the administrative record and briefing on the merits, the court ruled that the Department's decision was manifestly erroneous. On August 14, 2014, defendant filed a notice of appeal, seeking review of the final decision and the denial of the motion to dismiss.

¶ 11                    II. ANALYSIS

¶ 12   The parties' appellate briefs have narrowed the contested matters to a single issue: whether the contents of the Department's notice were clear enough to satisfy due-process requirements. Due-process considerations are such that the jurisdictional 35-day requirement cannot apply to bar an administrative-review complaint where the agency has failed to fairly inform the potential plaintiff of its decision. *Bell v. Retirement Board of the Firemen's Annuity & Benefit Fund of*

*Chicago*, 398 Ill. App. 3d 758, 763 (2010); *Coleman v. Retirement Board of the Firemen's Annuity & Benefit Fund of Chicago*, 392 Ill. App. 3d 380, 386 (2009). Plaintiff concedes that she filed her complaint for administrative review 36 days after the Department mailed its final decision. She further concedes that, absent a due-process violation, the 35th day would be the final day for the filing of an administrative-review complaint that could give the circuit court jurisdiction. She does not mount a due-process challenge to the rules under which the Department's mailing of the decision constitutes service, nor does she argue that due-process considerations required the Department to mail the decision to her personally. Instead, she argues that the notice she received was too confusing and misleading to satisfy due-process requirements.

¶ 13 Defendant responds that the heading of the letter decision—"**CERTIFIED MAIL** July 30, 2013"—was adequate to alert plaintiff that the mailing date, and thus the service date, was July 30. He argues that, even if the service date was not clear based on the documents the Department sent plaintiff, plaintiff could have contacted the Department to learn the date of service. Defendant therefore argues that the notice satisfied due-process requirements. He does not challenge the circuit court's decision on its merits.

¶ 14 We hold that the notice provided by the documents was not well calculated to apprise plaintiff that her 35 days to file an administrative-review complaint began to run on July 30, 2013. Given the ease with which the Department could have made the notice more informative and the challenges of seeking administrative review, we conclude that the court did not err when it concluded that, under the circumstances, the 35-day limit for filing an administrative-review complaint could not justly be applied to plaintiff.

¶ 15 When a protected interest is at stake, due process mandates notice sufficient to allow the person whose interest is at risk to decide how to respond. *Mullane v. Central Hanover Bank &*

*Trust Co*., 339 U.S. 306, 314 (1950). A notice must be in a form reasonably calculated to convey the necessary information and must give the affected person reasonable time to act. *Mullane*, 339 U.S. at 314. The notice must be in a form such as would be chosen by someone who was genuinely seeking to convey the information that the person whose rights are at risk would need to protect those rights. *Jones v. Flowers*, 547 U.S. 220, 221 (2006); *Passalino v. City of Zion*, 237 Ill. 2d 118, 126 (2009).

¶ 16 Consistent with these general principles of due process, Illinois courts have held that notices that mislead about the nature of administrative decisions are insufficient to satisfy due process. Thus, in *Coleman*, where the notice of a benefits decision did not clearly state that the decision was effectively an adverse one, limiting the party to a basic-level benefit, the notice did not satisfy due-process requirements. *Coleman*, 392 Ill. App. 3d at 386.

¶ 17 This case is like *Coleman* in that the notice was unnecessarily confusing. It is unlike *Coleman* in that the confusing aspect relates only to the timing of the decision and not to the content of the decision itself. However, because the Law sets tight time limits for a potential administrative-review plaintiff, any unreasonably confusing notice relating to the existence of those limits is not consistent with due process.

¶ 18 We agree with plaintiff that the notice was confusing and likely to be misleading as to the service date. Contrary to what defendant argues, nothing within what the Department sent showed a date of mailing.

¶ 19 Defendant argues that the date in the heading of the letter decision was obviously the date of mailing because it followed the words "Certified Mail." We do not agree. The letter decision was in the conventional format of a business letter, so that, regardless of whether the Department intended the date to be a date of mailing, the date *appears as* nothing more than the date of the

letter. To be sure, business letters are typically mailed within a day or so of their writing, but that does not make the date a date of mailing. Thus, the date on the letter did not appear to be a mailing date. And even to the extent that the date could be taken as a mailing date, nothing in the letter indicated that it was also the service date.

¶ 20 Defendant argues that plaintiff could have called the Department to learn when she was served. We will assume here that defendant is correct. However, we find the idea of a service date that is known only to the one doing the serving to be troublingly counterintuitive. The serving of a document is a formal act of giving notice. A provision that deems the mailing date of a notice to be the service date thus means that the notice-giver starts out with a burden of confusion to overcome: that of conveying that the law deems notice to have been given before it is actually received. The notice-giver can overcome that by, for instance, explicitly stating the deemed service date. The Department's notice format does far less, in that it does not even clearly show the mailing date. A potential administrative-review plaintiff thus faces not only the ordinary challenge of knowing the law regarding service but also the second challenge of learning the mailing date.

¶ 21 Although we do not agree with defendant that the notice had a clear service date, we do agree that the flaw in the notice was not as serious as that in *Coleman*. The flawed notice in *Coleman* lulled the claimant into thinking that she had prevailed in the administrative proceeding. The flaw here failed only to advise plaintiff satisfactorily of the limited time she had to act.

¶ 22 That distinction is real, but it is not decisive. The Law allows just 35 days for the filing of a complaint for administrative review. That is little more than the 30 days allowed for jurisdictionally important filings within an action, such as the filing of a notice of appeal. Ill. S. Ct. R. 303(a) (eff. May 30, 2008). But the Law is without the backstop of, for instance, Illinois

Supreme Court Rule 303(d) (eff. May 30, 2008), which permits up to an additional 30 days for filing a notice of appeal based on a "reasonable excuse" for the failure to timely file it.   See 735 ILCS 5/3-103 (West 2012) (setting out the timing of filing a complaint for administrative review). In this context, any unnecessary confusion induced by an administrative agency becomes a stumbling block in a setting in which a potential administrative-review plaintiff can afford few missteps.   Given this concern, and given that the Department could remove all unnecessary confusion by a change as simple as stating the mailing date and stating that the mailing date was the service date, the Department's notice was unreasonably confusing and was not in a format that would be chosen by someone genuinely trying to convey the time limit for filing an administrative-review complaint.   It therefore did not afford plaintiff due process.

¶ 23     Because the notice did not afford plaintiff due process, the court did not err in declining to hold plaintiff to the 35-day deadline for a complaint under the Law.   It therefore could reach the merits of the matter, its decision on which defendant does not challenge.

¶ 24                                     III. CONCLUSION

¶ 25     For the reasons stated, we affirm the order of the circuit court of Lake County reversing the final decision of the Department.

¶ 26     Affirmed.